### TIRRELL and others *v.* BACON and others.

*(Circuit Court, D. Massachusetts. July 17, 1880.)*

1. ADOPTED CHILD—VESTED INTEREST—ACTS OF 1871 (GEN. ST. OF MASS. c. 110) AND OF 1876 (c. 213, § 9) CONSTRUED.

In Equity.

Bill in equity, praying that the defendant John H. Bacon, as he is trustee under the will of Edward C. Tirrell, may be ordered to convey to the complainants and others, heirs at

law of said Edward, one undivided eighth part of the residue of his estate.

The case was submitted upon the bill, the answer of those defendants who made answer, and certain agreed facts, the substance of which is as follows: Edward C. Tirrell, of Boston, made his last will in 1846, and died in 1857. After a specific bequest to his wife, he devised the residue of his estate to the defendant Bacon and others, in trust, to pay the income to his wife for life, and at her death to his children during their lives, respectively, in equal shares; and, upon the decease of each child, to convey and transfer his or her share and portion of the property, real and personal, above devised, etc., to his or her child or children then living, in equal shares, and to the lawful issue then living of any deceased child of such child; and in default of any such child, children, or issue then living, to the testator's heirs at law.

The testator left eight children, of whom one was Edward Q. Tirrell, who enjoyed one-eighth part of the income of the trust fund until 1879, when he died, leaving no children, unless the defendant Willie K. Tirrell is to be considered his child. Willie K. Tirrell was duly adopted as a child by Edward Q. Tirrell, in 1874, in accordance with the then existing laws of Massachusetts.

The question raised by the pleadings and statement was, whether Willie K. Tirrell took a share of the trust fund as a "child" of Edward Q. Tirrell.

*John P. Treadwell,* for the heirs of Edward C. Tirrell.

*John Hillis,* for the widow and adopted child.

LOWELL, C. J. The law of adoption of children in Massachusetts was first enacted in 1851, and modified a few years later in Gen. St., *c.* 110. In 1871 it was modified in some respects. Under both those laws an adopted child was conclusively taken to be the equivalent of a legitimate child of the parent or parents who had adopted him, excepting in two particulars. *Sewall* v. *Roberts,* 115 Mass. 262; *Burrage* v. *Briggs,* 120 Mass. 103. The first statute had but one exception, and the law of 1871 added the other. The first was that such child should not take under a limitation to the heirs

of the body of the adoptive parent; but this was held in *Sewall* v. *Roberts, ubi supra,* not to include a limitation to children. The other was, that he should not take by "representation;" and there is no pretence that Willie K. Tirrell claims by that title.

It is argued that the will expresses a general intent to favor those who were of the testator's blood, by its final limitation over to his heirs if his children's children should leave no issue. But the cases decide that an adopted child is a child, and is issue, and no general inferential intent can overrule the language. The argument was equally strong in one of the cases above cited. I cannot doubt that Willie K. Tirrell takes, by purchase, unless cut off by a later statute.

The statute of 1876, *c.* 213, repeals the act of 1871, and changes the law of adoption very materially, with a view to limit the operation of the earlier statutes as construed by the supreme court. Section 9 declares that "the term child, or its equivalent, in any grant, trust, settlement, entail, devise, or bequest, shall be held to include any child adopted by the settler, grantor, or testator, unless the contrary clearly appears by the terms thereof;" but in all other cases the presumption should be against that construction; *"provided, however,* that nothing in this act shall be construed to restrict any right to the succession to property, which may have vested in any person already adopted in accordance with the laws of this commonwealth."

When this law was passed Willie K. Tirrell had already been adopted, and the question is whether his rights are affected by it.

In Massachusetts the devise of a life estate, with a limitation over to the children of a person living at the death of the testator, gives all the children then living a vested remainder, which opens to let in after-born children. *Dingley* v. *Dingley,* 5 Mass. 535; *Weston* v. *Foster,* 7 Met. 297. In this case, the limitation being to those children of the life tenant who shall survive him, the interest of Willie K. Tirrell would be contingent on such survival; but it would be assignable by him if he were of age, and would, therefore, go to his

assignees, if he should become bankrupt or insolvent, subject, of course, to the contingency. *Higden* v. *Williamson*, 3 P. Wms. 132; *Winslow* v. *Goodwin*, 7 Met. 363; *Gardner* v. *Hooper*, 3 Gray, 398; *Nash* v. *Nash*, 12 Allen, 345; *Belcher* v. *Burnett*, 126 Mass. 230, and cases cited. It was, therefore, a valuable interest which he owned in 1876.

The name which we may give to this interest of Willie K. Tirrell is not important, because, in my opinion, the proviso of the statute preserved all interests. It does not say that vested remainders shall be preserved, and contingent remainders destroyed; the word "vested," in the proviso, qualifies· "right" and not "property," and declares that a right of succession vested in any person at the date of the act shall not be restricted, not that property or estate which is vested shall not be taken away. The "vested rights" which it preserves are all existing rights. This is the meaning which that phrase bears in ordinary use in this country, though it has not acquired a technical meaning. It is not to be supposed that the law intended to destroy all contingent remainders and executory devises, and to preserve vested remainders alone. Such nicety of construction is not reasonable.

Were it not for this proviso a court would say, without hesitation, that the statute of 1876 was to be applied only to deeds and wills taking effect after its passage. This was taken for granted, and acted on, when the rule in Shelley's case was repealed. *Loring* v. *Eliot*, 16 Gray, 568. I doubt whether the proviso means more than that future settlements, though they should concern children already adopted, should be governed by it. Without it there might have been an argument, from the general scope of the act, that it had no application in any case to children who had been adopted before its date.

If the legislature should undertake to pass a law construing deeds and wills already in operation, to the disadvantage of persons who had some existing interest or estate under them, it would be justly chargeable with attempting to exercise judicial powers, and the law would, in respect to such cases, be void. *Dunn* v. *Sargent*, 101 Mass. 336.

I therefore decide in favor of the defendant Willie K. Tirrell. The agreement provides that I should decree a conveyance to the person or persons whom I should find entitled; but I doubt whether, under the pleadings, I can properly, make the decree in that form.

Decree to be drawn in accordance with this opinion.