(No. 12699.—Decree affirmed.)

JOSEPH G. MUNIE *et al.* Appellants, *vs.* CERILLA GRUENEWALD, Appellee.

*Opinion filed October 27, 1919.*

1. WILLS—*testator is presumed to have intended to dispose of all his estate.* Where a person makes a will he is presumed to have intended to dispose of his entire estate, and the instrument will be so construed unless such presumption is clearly rebutted by the provisions of the will.

2. SAME—*when word "children" will be construed to include adopted child.* Where a testator uses the word "children" in his will he is presumed to know the law in relation to the adoption of children, and a devise over to the children of a deceased son or daughter will include a child legally adopted by his daughter, where the testator knew of such adoption and knew that the adopted child was everywhere recognized as the child of his daughter.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

TURNER & HOLDER, for appellants.

AUGUST BARTHEL, guardian *ad litem,* (BARTHEL, FARMER & KLINGEL, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Joseph Munie died testate at his home in St. Clair county, Illinois, June 5, 1913. He was survived by Christina Munie, his widow, Joseph G. Munie, August Munie, Martha Neifind, Matilda Stolberg, Elizabeth Voellinger and

Paulina Gruenewald, his children, and Ida Arnold and Otto Munie, his grandchildren, children of a deceased son, Edward Munie. His will, dated December 6, 1910, consists of three paragraphs. By the first paragraph he directs payment of his debts and funeral expenses and by the last paragraph he appoints the executors of his will. The second paragraph,—the one which gives rise to the controversy in this case,—provides as follows:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath all my property, of whatsoever kind, to my beloved wife, Christina Munie, she to have the use and benefit of the same during her lifetime, and after her death, all of said property remaining shall be divided among all my children, share and share alike. My son Edward being dead, the share that would otherwise fall to him shall go to his children in equal shares. Should any of my other children die before my death or that of my wife, in that event the share that would fall to such child is to go to his children, among them to be divided."

Paulina Gruenewald departed this life intestate March 19, 1914, leaving no child or descendant of a child of her own body, but leaving her husband, Frank Gruenewald, and a minor child, Cerilla Gruenewald, appellee here, who had theretofore been legally adopted by Paulina Gruenewald and her husband November 16, 1903. January 5, 1916, Christina Munie, the life tenant, departed this life intestate, leaving her surviving appellee, the adopted daughter of Paulina Gruenewald, and the children and grandchildren of testator above named. At the time the will was drawn the testator knew of the adoption of appellee by his daughter, and subsequent thereto always treated her in the same manner he treated his grandchildren.

This appeal is from a decree of the circuit court of St. Clair county directing partition of certain farm lands in St. Clair county, Illinois, and a lot in the city of Belleville,

of which testator died seized, and declaring that by virtue of the second clause of testator's will the one-seventh part of his estate which would have gone to Paulina Gruenewald, his daughter, in case she had survived her mother, Christina Munie, shall pass to and become the property of Cerilla Gruenewald, the adopted daughter of Paulina Gruenewald, holding that an adopted child answers the call of child or children in said clause of the will.

Appellants contend that the devise to Paulina Gruenewald was a contingent remainder, and that upon the death of the remainder-man before termination of the particular estate the remainder never vested, but that as to this one-seventh part of his estate the testator died intestate, and the share that would have gone to Paulina Gruenewald at the testator's death vested in his heirs-at-law. They also contend that Cerilla Gruenewald, the adopted daughter of Paulina Gruenewald, does not come within the meaning of the word "children," used in the last sentence of the second clause of testator's will, but that the word "children" there used means children of the bodies of testator's children and not adopted children of any of testator's children.

From the view we take of this case it is not necessary to determine whether the devise to Paulina Gruenewald was a contingent or a vested remainder, but it is necessary to determine only whether the word "children," as used in testator's will, included this adopted child. Appellee's rights of inheritance are not material, because she is claiming nothing as an inheritance. Her claim is based solely on the will. The question presented for us to determine is: Can she be identified as a beneficiary named in the will?

In construing a will the principle to keep constantly in mind is, the testator's intention must govern. As was said by this court in *Whitcomb* v. *Rodman,* 156 Ill. 116, quoting Chief Justice Marshall: "The intent of the testator is the cardinal rule in the construction of wills, and if that intent can be clearly perceived and is not contrary to some

positive rule of law it must prevail, although in giving effect to it some words should be rejected or so restrained in their application as materially to change the literal meaning of the particular sentence." This doctrine was approved in *Coon* v. *McNelly*, 254 Ill. 39, where we held that a devise to testator's "grandchildren" will be held to mean the grandchildren of testator's wife, where it appears that the testator left no grandchildren or children of his own but that he always referred to his wife's grandchildren as his grandchildren. And again, in *Wilson* v. *Wilson*, 261 Ill. 174, we held that where a testator dies leaving children and step-children, the word "heirs," used in a provision in his will that if any of his children shall die "leaving no heirs" the "legacy" of such child shall go to the testator's "living heirs," will in both instances be construed as meaning "children," particularly where the testator in previous clauses giving lands to his children has expressed his intention that the land shall remain in his family.

It is a well established rule that where a person makes a will he is presumed to have intended to dispose of his entire estate, and the instrument will be so construed unless such presumption is clearly rebutted by its provisions. Courts will adopt any reasonable construction of a will consistent with its terms, so as to give it effect to dispose of testator's entire property, rather than to hold an intention on the part of testator to die testate as to a portion of his property and intestate as to another portion. *Minkler* v. *Simons*, 172 Ill. 323; *Eyer* v. *Williamson*, 256 id. 540; *Walker* v. *Walker*, 283 id. 11.

Section 5 of chapter 4, Hurd's Statutes of 1917, provides: "A child so adopted shall be deemed, for the purposes of inheritance by such child, * * * the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption, nor property from

the lineal or collateral kindred of such parents by right of representation." In *Sayles* v. *Christie,* 187 Ill. 420, it was held that an adopted child is in the eye of the law as much the child of the parent as though it had been his natural child. In *Flannigan* v. *Howard,* 200 Ill. 396, we said: "An adopted child becomes the lawful child of the adopting parent for all purposes of inheritance, and is in the eyes of the law as much the child of such parent as though it had been his own child." These cases are, with many other cases of similar holding, cited with approval in *Ryan* v. *Foreman,* 262 Ill. 175. While this statute and these decisions are not controlling here, they are an aid in construing this will and in determining the testator's intention. The testator at the time he made his will is presumed to have known the law in relation to the adoption of children and to have made his will in view of the statute and of the interpretation placed on that statute by this court. *Walker* v. *Walker, supra.*

The testator knew of the relation existing between his daughter, Paulina Gruenewald, and her adopted child, Cerilla Gruenewald, and knew that this adopted child was everywhere recognized as the child of his daughter. If it had been the intention of the testator to exclude this child from participating in the distribution of his estate he could easily have limited the property to the heirs of his body, or to children of the blood of his children, or to children born to his children. No such limitation was made in the testator's will and there is nothing in the will to indicate that such was his intention. He must have known that if his daughter survived his wife the remainder would vest in his daughter and would thereby pass to this adopted child as an heir of his daughter. Appellee was the adopted child of testator's daughter seven years before testator made his will and ten years before testator's death. We think it clear that the testator's conduct toward appellee during his lifetime shows that his intention was to include her in the

word "children," as used in the last sentence of the second clause of his will.

We have given careful attention to the authorities cited by appellants and have made an independent investigation of other authorities from this and other jurisdictions. In the interpretation of wills precedents are helpful servants but dangerous masters. Because one court in construing a will may have given a certain meaning to a phrase or expression in that will it does not follow that that interpretation must be approved when the will of another person is being considered by the same or another court. For instance, in *Wallace* v. *Noland*, 246 Ill. 535, after holding that the word "heirs," as used in the will there under consideration, meant "children," and after holding that in determining the intention of the testator in the use of language capable of more than one construction the circumstances and environment of the testator at the time of the execution of the will, including the state of the law at the time, may be considered, we held that the testator could not have there intended to include the adopted children of his son in the devise over after the death of such son without children, because at the time that will was executed and at the time the testator died there was no statute in existence, and never had been one in this State, authorizing the adoption of a child. The children were adopted twenty-three years after the death of the testator. In that case it was plain the testator could not have had in mind any children of his son except such as might be born of his body. In *Lichter* v. *Thiers*, 139 Wis. 481, it was held that an adopted child of testator's grand-daughter did not come within the term "children," where, at the time the will was made, the grand-daughter was a young unmarried woman and the will was made and the testator died more than ten years before the child was adopted. This holding was based on the well established rule that the will must be construed in the light of the testator's surroundings and in view of what

the testator must have had in mind at the time of expressing his testamentary wishes, the court saying: "Whether a will in favor of the children of any particular person means adopted children as well as children of the blood of such person depends upon just what the testator intended, and that may include or exclude adopted children, according to circumstances. There is no very arbitrary rule on the subject, except that the testator's intent must govern." And so in cases where other courts, in construing wills, hold that the word "children" does not include an adopted child, the reason for their holding is that the testator could not have intended the adopted child to have been so included, either because the child was adopted after testator's death or after the making of the will.

The case of *Bray* v. *Miles,* 23 Ind. App. 432, is very similar to the case at bar, and in a learned opinion in which the authorities are collected and discussed the court holds that an adopted child of a deceased daughter takes as a legatee, within the description "children," under a will giving property to testator's three sons and his daughter, with provision that in case of the death of either of the four the share of such deceased should go to the children of such deceased. In *In re Truman,* 27 R. I. 209, the Supreme Court held that where the testatrix recognized and treated an adopted daughter of her brother as her niece, the adopted daughter was included in the phrase, "to the children or issue" of testatrix's deceased brother, and was thereby identified as a legatee under her will.

We are of the opinion that the decree of the circuit court is in accordance with the intention of the testator, and the decree is therefore affirmed.          *Decree affirmed.*