(No. 15707.—Decree affirmed.)
WILLIAM MASON MILLER, Appellant, *vs.* EDWARD MASON WICK *et al.* Appellees.

*Opinion filed February 19, 1924.*

1. ADOPTION—*when adopted child does not have same status as child born in lawful wedlock.* While an adopted child, for the purpose of inheritance from its adoptive parents, has the same status as a child born to them, it cannot take property expressly limited to the bodies of the parents or inherit from their collateral kindred; and in this respect the law makes a distinction between the status of an adopted child and a child born to the adoptive parents.

2. WILLS—*when adoption of a child by legatee does not satisfy condition in will.* A provision in a will that a part of the income from certain property shall be paid to the testator's nephew during his life "or until such time in his life as he shall have a child, his lawful issue, who shall attain unto the age of three years," at which time the principal shall be paid to the nephew, means a child of such nephew born in lawful wedlock, and the adoption of a child of more than three years of age will not satisfy the condition.

3. SAME—*all words of a will should be given effect, if possible.* Words or a clause in a will cannot be rejected except from absolute necessity but all the words are to be given effect according to their usual and ordinary meaning.

4. SAME—*meaning of word "issue."* The meaning of the word "issue," used in a will, depends upon the testator's intention as appears from the whole will, but it ordinarily means "to proceed out of," and refers to the offspring of a common ancestor, including not only a child but descendants of a child.

5. SAME—*word "issue" may be construed a word of purchase or limitation, according to intent.* The word "issue," in a will, may be used in a sense different from its ordinary meaning, and it may be construed as a word of purchase or of limitation, according to which construction will carry out the testator's intention.

6. SAME—*when decision construing another will may be considered a precedent.* Cases construing one will are usually not controlling precedents in the construction of another will, but if there is substantial identity and expression a prior case may be regarded as a precedent.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

WETTEN, PEGLER & DALE, and STEWART TAYLOR, for appellant.

HOLDOM, PRATT & ZEISS, and McCULLOCH, McCULLOCH & DUNBAR, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Appellant, William M. Miller, filed his bill in the superior court of Cook county to construe the will of his uncle, William A. Mason, who died testate in October, 1910. A demurrer was sustained to the bill and a decree was entered dismissing it for want of equity. Complainant appealed to the Appellate Court. That court affirmed the decree and

granted a certificate of importance and an appeal to this court.

The testator resided in Cook county, Illinois, and the estate left by him consisted entirely of personal property. He left a widow, Frances H. Mason, but no child or descendant of a child. Henry H. and Charles H. Mason, his brothers, residing in Ohio, and a sister, Cordelia Miller, residing in Kansas City, Missouri, (the mother of appellant,) and a nephew, Edward M. Wick, as we understand the son of a deceased sister, survived the testator. By his will he bequeathed all his property to his wife, to be held by her in trust for her own use during her life, subject to an annuity to testator's brother Charles during his life, and to his daughters if he died during the lifetime of testator's widow. The widow was given power to consume or dispose of the property for her own use. One-fourth of what was not consumed by her was to go to his nephew, Edward M. Wick, with the condition that if he died before testator's widow the one-fourth was to go to the children of the nephew. The other three-fourths was put in trust, and one-third of the income was to be paid to testator's brother Charles during his lifetime and at his death to his children until they were, respectively, twenty-one years old, when the proportionate share of such child in the principal of the trust fund was to be paid over. One-third of the income was to be paid Cordelia Miller during her life and one-third to Henry H. Mason during his life, under the same requirements as to ultimate disposition of the principal. As we have stated, appellant is the son of Cordelia Miller, and the question involved in this case is as to the construction of that part of the will relating to the one-third of the income which was bequeathed to Cordelia Miller during her life.

The will provided that on the death of Cordelia Miller one-third of the income from the property held in trust should be paid to the testator's nephew, William M. Miller,

appellant. "Said payments shall continue during the life of my said nephew or until such time in his life as he shall have a child, his lawful issue, who shall attain unto the age of three years, in which event the principal of one-third part of said property given, devised and bequeathed by this article fourthly shall thereupon be paid over, delivered and conveyed by my said trustee to my said nephew, William Mason Miller." We understand both Edward M. Wick and Charles H. Mason had children born to them during the testator's lifetime. If appellant died without qualifying, as specified in the will, to take the principal of one-third of the trust fund, then one-third of said share of the fund was to go to testator's nephew Wick, or his children if he was dead; one-half of the remainder was to go to Charles H. Mason or his children; and the other one-half of the remainder was to be held in trust and the income paid to Henry H. Mason during his life, to become his absolute property if he "shall have a child, his lawful issue, who shall attain unto the age of three years." If both appellant and Henry H. Mason died without qualifying to take the principal, one-half was to be paid to the nephew Wick, or his children if he was dead, and the other half to testator's brother Charles, or to his children if he was dead. Cordelia Miller died, and the income from one-third of the trust property became payable to her son, appellant, during his life, or until such time as the contingency happened which under the will would entitle him to the principal of one-third of the trust fund. Appellant is married but seems never to have had a child born to him, and the bill alleges that in March, 1912, which was more than a year subsequent to testator's death, appellant and his wife took into their family Elaine M. Tuttle, a child less than six months old, and afterwards, in April, 1915, adopted said child under the laws of the State of Missouri; that there was subsequently a change in the law of that State and they again adopted it in 1917. Appellant claims by his bill that upon

the legal adoption of the child the requirements of the will that "he shall have a child, his lawful issue, who shall attain unto the age of three years," were complied with, and that he thereupon became entitled to one-third of the principal of the trust fund. The question, therefore, presented for decision is whether upon the adoption of the child he became entitled to one-third of the principal of the trust fund, or whether, under the will, it was required that he must be the father of a child born to him and his wife in wedlock, which should live to be three years old.

It is a fundamental rule of will construction that effect must be given to the intention of the testator when not in violation of a rule of law or public policy. Appellant contends that it clearly appears from the will that the testator's chief concern was to provide for his nephew rather than his child; that he only required the child should be a lawful one and live to be three years of age, and that the Illinois Statute of Adoption should be considered in construing the will. Counsel contend the purpose of the Illinois Statute of Adoption is to give the adopted child the same status as if it had been born to the adoptive parents in lawful wedlock but not that of an heir of the body. Under the Illinois adoption statute an adopted child, "for the purpose of inheritance by such child  *  *  *  and other legal consequences and incidents of the natural relation of parents and children," shall be deemed the same as if it had been born to the adoptive parents in lawful wedlock, "except that he shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation." We do not consider that statute as specially helpful in determining what the testator meant by the language used that appellant was to receive the income from the trust fund until such time "as he shall have a child, his lawful issue, who shall attain unto the age of three years," in which event he was to

311—18

receive the principal of the one-third part of the fund. It is argued that if the testator had intended to exclude an adopted child he would have manifested that intention by using words indicating it, such as "bodily issue," "bodily heir," "born" or "begotten."

Appellant cites decisions of the courts of last resort of Massachusetts, Rhode Island and Maine, where it is said the adoption statutes are like ours, holding that with the exception that an adopted child cannot inherit property expressly limited to the body of the parent by adoption or inherit from the lineal or collateral kindred of the parents by adoption, such child is to be regarded the same as if he had been born to the adoptive parents in lawful wedlock; that its status is that of issue or lineal descendant but not that of heir of the body. Whether the Illinois Statute of Adoption should be applied or not in construing this provision of the will, we cannot construe the will otherwise than that the testator meant by "have a child, his lawful issue," a child begotten by and born to appellant in wedlock. The decisions appear not to be in harmony, but we cannot agree that the requirement "have a child, his lawful issue," was met when appellant adopted a child. While an adopted child, for the purpose of inheritance from its adoptive parents, has the same status as a child born to them, it cannot take property expressly limited to the bodies of the parents by adoption or inherit from their collateral kindred. So the law makes a distinction between the status of an adopted child and a child born to the adoptive parents. There would have been plausible basis for appellant's contention if the will read, "have a child who attained the age of three years," but when the language that "he shall have a child" is immediately followed by the qualification that it shall be "his lawful issue," the qualifying words would have to be disregarded to construe the will in accordance with appellant's contention. Words or a clause in a will cannot be rejected except from absolute necessity. "All the

clauses and words of the will must be construed as intended to have some meaning and to have been used for some purpose and must be given effect in arriving at the intention. None can be arbitrarily rejected as meaningless or surplusage." *Hollenbaugh* v. *Smith,* 296 Ill. 558; *Winter* v. *Dibble,* 251 id. 200.

Counsel for appellant have in an able brief, in which a large number of cases are cited, sought to show that "child" or "issue" used in a will, where there is a general adoption statute in force, in the absence of any words or language to the contrary, indicates a person who has by adoption obtained the status of a child of the parents. But if all the words of the will are to be given effect,—and there is here no absolute necessity for disregarding them,—then the words of the will must be given effect according to their usual and ordinary meaning. Appellant would not be entitled to the principal of the fund until he had a child which reached the age of three years, and to be more specific the testator attached the qualification that it should be appellant's "lawful issue." As here used, the term "lawful issue" means the child must issue out of appellant in lawful wedlock or it is meaningless. As used in this will, if it is given any meaning whatever, it must be the same as if the testator had said "issue born in lawful wedlock" or "heir of appellant's body." The meaning to be attributed to the word "issue" in a will depends upon the testator's intention as appears from the whole will. The ordinary meaning of the word "issue" is "to proceed out of;" offspring of a common ancestor; and includes not only a child but descendants of a child. It is true, the word may be used in a will in a different sense if it appears the testator did not intend it to be given the meaning the word imports, and the word may be construed as a word of purchase or of limitation, according to which construction will carry out the testator's intention. (1 Abbott's Law Dict. 645.) It seems

evident the testator did not have in mind that appellant might fulfill the requirements to entitle him to the principal of the fund by the adoption of a child which was at the time of adoption past three years of age. The language of the testator warrants the construction that he had in contemplation a child born to appellant in wedlock who should survive the perilous period in child life. The reasonable conclusion is that he had in mind the hope of perpetuating his own blood, which is further indicated by the similar requirement made in the provision for his brother Henry. The argument of appellant that this conclusion is not warranted because the child took no interest in the property when it became three years old but it became absolute in appellant, is to our minds not convincing. We think the rational and reasonable understanding of testator's purpose, to be arrived at from the language employed in the will, is that he wished appellant to have a child born in lawful wedlock, in which event, if the child attained the age of three years, appellant should become the owner of the principal of the trust fund. Then there would be a reasonable expectation that if appellant died there would be someone of the testator's blood to inherit the property, if any was left. We think it significant that the testator did not intend appellant should have the property when "he shall have a child, his lawful issue," but the child must live to be three years old before the property could become the appellant's. This seems to plainly indicate that testator had no thought or intention appellant should take the property when a child should be born to him, "his lawful issue," but on account of the first three years of a child's life being regarded as the period of greatest mortality, testator did not intend the property should become appellant's when a child was born but only when it lived to attain the age of three years. At that age the child would have passed the period of greatest peril and it was reasonable to expect that it would survive the parent. If appellant and testator's brother Henry failed

to qualify themselves, as the will required, to take the principal of the fund, it was to go to others of testator's blood.

We do not think we would be warranted in extending this opinion by a discussion of the authorities cited by counsel on both sides. None of them are to our minds conclusive of this case. The real question here, as was true in cases cited by counsel, is, What did the testator intend by his will? All courts recognize that because of the variations of the language used in different wills, cases construing one will are usually not controlling precedents in the construction of another will. If there is substantial identity and expression a prior case may be regarded as a precedent. (*Long* v. *Paul,* 127 Pa. St. 456, 14 A. S. R. 862.) The court said in *Redding* v. *Rice,* 171 Pa. St. 301: "Precedents are of little value in the construction of wills, because when used under different circumstances, with different context, the same words may express different intentions,"— and that statement of the rule is universally recognized by all courts. No decision cited by counsel requires any other conclusion in this case than that the testator, William A. Mason, meant and intended that his nephew, the appellant, should become entitled to the property only when he had a child born in lawful wedlock who lived to attain the age of three years. Any other construction of the will would defeat the testator's intention, which can only be done when the intention is contrary to law or public policy, and the construction given this will violates neither.

The superior court properly sustained a demurrer to the bill and dismissed it for want of equity.

The decree is affirmed.

*Decree affirmed.*