William B. Hale et al., as Trustees under the Last Will
    and Testament of George W. Hale, Deceased
    (Complainants below), Appellees, v. William B.
    Hale, et al., (Defendants below), Appellees.
On appeal of Caroline Pratt Schutz et al. (Defendants
    below), Appellants.

Gen. No. 29,510.

1. WILLS—*gift over to "descendants" does not include adopted
children.* A provision in a will that, in case of the death of any
beneficiary of a trust therein prior to a certain time, the bequest
should be paid over to the surviving female "descendants" per
stirpes of such beneficiary, does not include adopted children of
a beneficiary so dying.

2. WILLS—*presumption as to foreign law entering into testator's
intent.* It is not presumable that a testator knew that by the law
of a state where his legatee lived adopted children have the same
status as natural children for purposes of inheritance and other
legal consequences of the parental relation.

3. WILLS—*"descendants" in sense of issue not inclusive of
adopted children.* It cannot be implied that a gift over to "descend-
ants" of a beneficiary dying before the time for payment was
meant to include adopted children of the beneficiary, who by the
law of the beneficiary's domicile have the same rights as natural
children to inherit, since the word "descendants" is not synonymous
with children, but has the sense of "issue."

Appeal by defendants from the Circuit Court of Cook county; the
Hon. IRA RYNER, Judge, presiding. Heard in the second division
of this court for the first district at the October term, 1924.
Affirmed. Opinion filed June 9, 1925.

CORNELIUS LYNDE, for appellants.

ALBERT C. WENBAN, for appellees.

MR. PRESIDING JUSTICE FITCH delivered the opinion
of the court.

This is an appeal from a decree of the circuit court
construing the will of George W. Hale, deceased. Ap-
pellants are minors and were the adopted children of
Anna Pratt, one of the beneficiaries named in the will,

who died after the death of the testator but before the time had arrived for the distribution of the main part of the estate.

George W. Hale died on October 16, 1914. By his last will and testament (executed three months before he died) he left the bulk of his estate to trustees, with directions to hold the same and keep it invested for a period of ten years after his death. By "Trust Condition 2" of the will, he directed the trustees, after making certain specified payments, to distribute not exceeding nine-tenths of the annual net income of the trust estate to twenty-two designated beneficiaries, and by "Trust Condition 4" he directed that on the tenth anniversary of his death, or as soon thereafter as practicable, all of the remaining trust property should be appraised and divided into thirty-eight equal parts, and then paid over by the trustees to said twenty-two beneficiaries, in specified proportions of from one to five parts each. Both of such "Trust Conditions" also provided that in case of the death of any beneficiary therein named before such tenth anniversary, the trustees should pay the portion of the estate "to which such deceased beneficiary would have been entitled to receive, if living, to the surviving female descendants, *per stirpes,* of such deceased beneficiary," or, if no such surviving female descendant should be living at that time, then the share of the deceased beneficiary should be distributed among the other beneficiaries in proportion to their respective interests in the balance of the estate.

The testator was seventy-six years old when he died. He left no widow or surviving children. He was married in 1865, but his wife died two years later and he never remarried. Twenty of the beneficiaries named in said "Trust Conditions" of his will were his nephews and nieces and the children of the same or other nephews or nieces. The two remaining beneficiaries were Mrs. Gertrude Pratt and her daughter Anna, of Beloit, Wisconsin, who were not

related to the testator. The former had been the intimate friend of the testator's wife, and the latter had been a frequent visitor at his house in Chicago. Anna Pratt was never married, and never had any children of her own, but more than five years after the testator's death she adopted the appellants in Beloit. She died on April 19, 1923, before the tenth anniversary of the testator's death. Thereupon, the trustees filed a bill in the circuit court asking for a construction of the provisions of the will above mentioned. That court held and decreed that such adopted children were not "descendants" of Anna Pratt within the meaning of the will, and that they are not entitled to receive the share of the estate to which Anna Pratt would have been entitled if she had lived. The only question presented here is whether the circuit court erred in giving that construction to the will.

It is a cardinal principle in the construction of wills that the intention of the testator, when ascertained, is controlling. (*Bradsby v. Wallace,* 202 Ill. 239.) "The paramount rule in the exposition of wills, to which all others must bend, is, that the intention of the testator as expressed in the will must be ascertained and given effect if not prohibited by law." (*Armstrong v. Barber,* 239 Ill. 389, 398.) It is also a familiar rule that in the construction of wills, effect should be given to every word and clause of the will, if that can be reasonably done. (*Miller v. Wick,* 311 Ill. 269, 275; *Jones v. Miller,* 283 Ill. 348, 353.) In cases of ambiguity, the intention of the testator is found by construing the words employed in the will itself, in the light of his circumstances and surroundings, and the court will be guided by the light thus thrown on the testamentary scheme of the testator. (*Alford v. Bennett,* 279 Ill. 375, 384.)

The word "descendants," used several times in the will, is not used with reference to any particular beneficiary, and there is nothing in the evidence of the testator's circumstances and surroundings tending to

show that he anticipated that any of his beneficiaries might adopt a child. But if he did anticipate that possibility and intended that such a child should take the place of her adoptive parent upon the death of the latter before the time of distribution arrived, it is hardly probable that in expressing that intention in his will he would refer to such a child as a "descendant" of such deceased beneficiary. A testator is presumed to use the words in which he expresses his intention in their usual and ordinary sense, unless it is manifest from the context that he used them in a different sense. (40 Cyc. 1396.) The usual and ordinary meaning of the word "descendants" does not include adopted children. The Century Dictionary defines the word "descendant" to mean "an individual proceeding from an ancestor in any degree; issue; offspring, near or remote." Other standard dictionaries give a like definition. In the Amer. & Eng. Encyc. of Law (2d ed.), vol. 9, p. 399, a descendant is defined as "any person who proceeds from the body of another, however remotely." Bouvier's definition is: "Those who have *issued* from an individual, including his children, grandchildren, and their children to the remotest degree." In *Bates v. Gillett*, 132 Ill. 287, the term is further defined as follows: "Descendants include every person descended from the stock referred to. It is coextensive with issue, but does not embrace others not of issue. It is not to be understood as meaning next of kin, or heirs-at-law, for these phrases comprehend persons in the ascending as well as the descending line, and may also include collaterals; but it does mean the issue of the body of the person named, of every degree, such as children, grandchildren and great-grandchildren, and all others in the direct descending line." See also, *Rasmusson v. Hoge's Unknown Wife*, 293 Ill. 101, 107, and 18 Corpus Juris 792.

It is contended by appellants' counsel that although appellants were adopted by Miss Pratt in Wisconsin,

nevertheless, the effect in this State of such adoption will be determined according to the effect given a similar adoption under our statute; that under our statute adopted children are deemed, "for the purposes of inheritance" and "other legal consequences and incidents of the natural relation of parents and children," the *children* of the parents by adoption the same as if they "had been born to them in lawful wedlock"; and it is argued, upon the theory that every one is presumed to know the law, that it must be assumed that the testator knew that Anna Pratt might legally adopt appellants and that the legal effect of such adoption would be to make their legal status that of children and heirs of Anna Pratt, the same as if born to her in lawful wedlock. There is no evidence, and no presumption, that the testator knew anything about the adoption laws of Wisconsin at the time he executed his last will and testament. But if he did know the Wisconsin law, and also knew the adoption laws of Illinois, the conclusion sought to be drawn from such assumptions by appellants' counsel does not follow, for the reason that the testator did not use the word "children" or "heirs" in his will, but used advisedly the word "descendants," thereby indicating an intention to exclude those who were not descendants of a deceased beneficiary, even though such deceased beneficiary might leave surviving heirs who had the legal status of children. The adoption statutes do not prevent a testator from making such a disposition of his property as he may see fit, nor require a court to read into his will an intention different from that which he has himself expressed in plain words.

Appellants' counsel relies mainly upon the decisions in *Munie v. Gruenewald*, 289 Ill. 468, and *Miller v. Wick, supra*. Neither of such cases, in our opinion, supports appellants' position in this case. In the former it was held that a testator is presumed to know the law in relation to the adoption of children, and that where he also knew his daughter had legally

adopted a child, a devise over upon the death of such daughter to her "children" was construed to include the adopted child. But the decision is grounded upon the proposition that the intent of the testator must prevail, if not contrary to some positive rule of law. The court said it was "clear that the testator's conduct" toward the adopted child "shows that his intention was to include her in the word 'children,' as used in * * * his will." It was also said that "if it had been the intention of the testator to exclude this child * * * he could easily have limited the property to the heirs of his body, or to children of the blood of his children, or to children born to his children." The testator in the present case did so limit the property to the heirs of Miss Pratt's body by the use of the word "descendants."

In *Miller v. Wick, supra,* the will provided that part of the income from certain of the testator's property should be paid to his nephew during his life "or until such time in his life as he shall have *a child, his lawful issue,* who shall attain the age of three years, in which event the principal of one-third" of the property should be paid over to his nephew. The court held that the use by the testator of the qualifying words "his lawful issue" showed his intention to limit the devise over to children of the body of his nephew, and excluded an adopted child. We think the use by the testator in this case of the word "descendants" shows a like intention to exclude adopted children, for that word means "issue."

The decree of the circuit court is affirmed.

*Affirmed.*

BARNES and GRIDLEY, JJ., concur.