## Richmond

JAMES AUBREY LANGHORNE v. MAY LANGHORNE, ET AL.

January 17, 1972.

Record No. 7725.

Present, All the Justices.

*Alex N. Apostolou; William Nelson Alexander, II (Thomas Keister Greer,* on brief), for appellant.

*Edward S. Graves (Edmunds, Williams, Robertson, Sackett, Baldwin & Graves,* on brief), for appellees.

GORDON, J., delivered the opinion of the court.

We must again decide whether the term "issue", as used in a will, includes not only descendants of the body, but also descendants through adoption.

The testator, D. Allan Langhorne, died in 1917. He created a testamentary trust for the benefit of his widow and children during their lives, directing that after his wife's death:

"whenever any one of my said children shall die, leaving issue surviving him, or her, and the youngest of such issue shall attain the age of twenty-one years, then the share, or shares, of my said estate upon which his, her, or their, parent's income was derived shall pass absolutely and in fee simple to such issue . . ."

The testator's widow died in 1935, and his son W. Devereux Langhorne died in 1964. W. Devereux Langhorne was survived by two natural children, Allen F. Langhorne and Beverley Langhorne Kirill, and an adopted child, James Aubrey Langhorne. All three children are over twenty-one.

The trial court held that a share of the trust estate should be distributed to Allen F. Langhorne and Beverley L. Kirill, to the exclusion of James Aubrey Langhorne, the adopted child. James Aubrey Langhorne appeals.*

The question of course is what persons the testator intended to benefit under his will, not what persons would inherit if he had died intestate. Unfortunately, as is often the case, the language of the will gives no indication whether or not the testator wished to include descendants through adoption, as well as descendants of the body. The odds are that neither the testator nor his draftsman considered the question.

Much can be said for or against the inclusion of adopted children where a will or deed is silent in that regard. But the Virginia cases have already charted our course of decision. *See Merson* v. *Wood,* 202 Va. 485, 117 S.E.2d 661 (1961); *Newsome* v. *Scott,* 200 Va. 833, 108 S.E.2d 369 (1959); *Fletcher* v. *Flanary,* 185 Va. 409, 38 S.E.2d 433 (1946); and the cases cited therein. The rule to be gleaned from those cases is: A testator does not intend by the word "issue" or "descendants" to include persons who qualify as such only by or through adoption, unless the intent to include those persons is expressed or reasonably implied by the language of the will or may be reasonably inferred from extrinsic evidence properly before the court.

Following the rule set out in the preceding paragraph, we hold that the trial court properly excluded James Aubrey Langhorne from a share of the estate.

*Affirmed.*

---

* The appellees are May Langhorne and Rieta Langhorne DuManoir, Surviving Substituted Trustees under the will of D. Allan Langhorne, and Allen F. Langhorne and Beverley Langhorne Kirill.