FRANK R. SENNOT *et al.*, Trustees, Plaintiffs-Appellees, *v.* ANITA COLLET-OSER *et al.*, Defendants-Appellees.—(EDITH McCORMICK HARDIN *et al.*, Defendants-Appellants.)

First District (5th Division) No. 61520

Opinion filed March 12, 1976.

Robert E. Pfaff, John G. Stifler, and Richard M. Brown, all of Jenner & Block, of Chicago, for appellants Edith McCormick Hardin and Charles McCormick Hardin.

Daniel M. Schuyler, of Schuyler, Stough & Morris, of Chicago, for other appellants.

Paul S. Gerding, Kendall R. Meyer, and Richard B. Thies, all of Chicago (Wilson & McIlvaine, of counsel), for appellees Frank R. Sennot, Walden C. Cummins, and Frank A. Rogers, Jr.

McDermott, Will & Emery, of Chicago (Hamilton Smith and Larry E. Ribstein, of counsel), for appellee Anita Collet-Oser.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendants, Edith McCormick Hardin and Charles McCormick Hardin (Hardins) and Harold Fowler McCormick Hubbard, John Rockefeller McCormick Hubbard, Elisha Dyer Hubbard, Jr., and Anna Jones Dyer Hubbard (Hubbards) appeal from a summary judgment which dismissed their claims as adopted nieces and nephews to the trust estate of Fowler McCormick. On appeal, they contend that: (1) the settlor's intent to include them as his surviving issue in the distribution cannot be resolved by summary judgment, and (2) they are not barred from asserting their claims by releases executed in a related trust construction suit. The Hardins additionally contend that they are not barred from asserting their claims by their subsequent readoption by another family.

Plaintiffs are the current trustees of the Fowler McCormick trust. Their complaint for trust construction sought to have the trial court determine who among the "surviving issue" of Harold F. McCormick are entitled to the Fowler trust estate.

The pleadings and the record on appeal indicate that on December 16, 1927, Harold F. McCormick, the settlor, created separate trusts for the benefit of his son, Fowler McCormick (the Fowler trust), and his daughter, Muriel McCormick (the Muriel trust). On October 19, 1928, the settlor also created a third trust for his remaining daughter, Mathilde McCormick Oser, which is not in issue in these proceedings.

Fowler McCormick died on January 6, 1973, leaving neither a wife nor any lawful issue surviving him. Accordingly, under the terms of the Fowler trust, the estate would be distribtued "to the then surviving issue of said Harold F. McCormick, the party of the first part herein, *per stirpes.*"

Muriel McCormick married Major Elisha Dyer Hubbard in 1931. No children were born of this marriage. However, after her husband's death in 1936, Muriel adopted six children; Edith McCormick Hubbard in 1939; Elisha Dyer Hubbard II in 1939; Harold Fowler McCormick Hubbard in 1954; John Rockefeller McCormick Hubbard in 1954; Elisha Dyer Hubbard, Jr., in 1957; and Anna Jones Dyer Hubbard in 1958. Edith and Elisha Dyer II were subsequently readopted by Mr. and Mrs. Charles Hardin on March 18, 1948, and were renamed Edith McCormick Hardin and Charles McCormick Hardin. However, in their answer in this proceeding the Hardins allege that the subsequent readoption was void and against public policy because they were denied due process. They further allege that the purpose of the readoption was to eliminate them as presumptive heirs to the Rockefeller and McCormick family fortunes.

Mathilde McCormick married Max Oser on April 12, 1923. Two children were born of this marriage—defendant Anita Collet-Oser and Peter

Oser. Peter Oser died in 1970 and was survived by his grandson, defendant Renaud Poulet, the child of Peter's legitimized daughter of his third marriage. Mathilde died on May 18, 1947, leaving no other children either natural or adopted.

Muriel McCormick Hubbard died on March 18, 1959. The Muriel trust was the subject of a similar trust construction suit in the then Superior Court of Cook County. (*Roberts v. Dwyer*, No. 60 S 545.) Both the Hardins and the Hubbards were parties to that suit. A settlement was reached among the parties and a decree was entered on December 3, 1962. Pursuant to that decree, the Muriel trust estate was divided as follows: The Hardins each received 1%; the Hubbards each received 7½%; Anita and Peter Oser each received 17%; and Fowler McCormick received 34%. The decree specifically provided that it would

> "constitute a bar against all litigation, demands, disputes and claims, whether known or unknown and whether or not heretofore asserted, in any way related to the 1927 Trust, its administration or distribution and the construction of the indenture creating said Trust, and a bar against any claim which any party to this proceeding may have against any other party in any way connected with that Trust, or in any way involved in or disposed of by this proceeding."

Pursuant to that decree, the Hubbards, Edith McCormick Hardin and Charles McCormick Hardin by Paul M. Wade, his attorney, executed a release of any claim

> "which they or any of them might have under a second Trust Agreement also executed December 16, 1927 by Harold F. McCormick, of which Fowler McCormick is the present and only surviving income beneficiary; and * * * agree that they will not make any claim at any time whatsoever as issue, descendant, child or otherwise or for or on behalf of anyone claiming to be issue, child or descendant of Muriel McCormick Hubbard against either (a) the assets of said last mentioned Trust for the present benefit of Fowler McCormick * * *."

Although the Hardins admitted the existence of the signed release in their answer, Charles alleged that the release was of no effect as to him since Paul Wade was recommended to him by the attorney of Fowler McCormick and at no time during the Muriel trust proceedings had a release of his claims against the Fowler trust been discussed. Similarly, Edith alleged that she was under a severe emotional strain when the Muriel trust was settled and that she was "unaware" of the existence of a Fowler trust at that time.

The Hardins further answered that Harold F. McCormick's will, dated

March 19, 1941, evidenced his intention that they should be considered his surviving issue in a dispositive provision which stated that:

"Each and every child or person legally adopted by any of my said children shall, for all purposes under this Will, be considered and treated as the lawful issue of the child making such adoption and as my lawful issue in all respects and for all purposes and shall participate in the benefits of my Will, both as to income and principal, in the same manner and to the same extent as if they were in fact the lawful issue of the person making such adoption and my lawful issue."

On June 7, 1974, defendant Anita Collet-Oser moved for a judgment on the pleadings or, alternatively, for a summary judgment declaring that the Hubbards and the Hardins had no interest in the Fowler trust. The Hardins filed exhibits in opposition to the motion for summary judgment which included, *inter alia,* various letters, greeting cards and gift memoranda, all dated subsequent to 1939, which evidenced Harold F. McCormick's high regard for the Hardins.

On November 20, 1974, the trial court declared that the Hardins and the Hubbards had no interest in the assets of the Fowler trust and dismissed them as parties to this proceeding. The trial court specifically found that the "adoptees have been afforded an opportunity to demonstrate, but have failed to demonstrate, that there is a triable issue of fact with respect to the intention of Harold F. McCormick." It further found that the Hardins' subsequent readoption barred their claims, and that both the Hardins and the Hubbards had released their claims by the settlement agreement and decree in *Roberts v. Dwyer.*

OPINION

Defendants first contend that the settlor's intent to include them as his "surviving issue" in the distribution was erroneously resolved by summary judgment. When there is no genuine issue of material fact on an essential element of plaintiff's cause of action, the moving party-defendant is entitled to summary judgment as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57; *Shramek v. General Motors Corp.,* 69 Ill. App. 2d 72, 216 N.E.2d 244.) In the instant case, we believe that the defendants have failed to establish a genuine question of fact on the material issue of the settlor's intent. Exhibits which evidence the settlor's affection for the adoptees are irrelevant unless they relate to the time of execution of the trust agreement. (*Continental Illinois National Bank & Trust Co. v. Clancy,* 18 Ill. 2d 124, 163 N.E.2d 523; *Barnes v. Illinois National Bank & Trust Co.,* 326 Ill. App. 687, 63 N.E.2d 264.) Here, the letters, greeting cards and gift memoranda which were introduced in

opposition to the motion for summary judgment all post-date the trust's creation by at least 12 years. The record discloses that defendants were allowed every opportunity to demonstrate the settlor's intent at the relevant time, yet they were unable to present any evidence to support their theory that the settlor intended to benefit them through the Fowler trust at the time he created the trust.

Moreover, in *Continental Illinois National Bank & Trust Co. v. Clancy,* 18 Ill. 2d 124, 163 N.E.2d 523, our Supreme Court held that a child adopted by the settlor's son was not to be included in the term "lawful issue" in the settlor's 1928 trust agreement. In *Clancy,* the settlor knew the adoptee for about 1½ years prior to the execution of the 1928 trust, occasionally would introduce the adoptee as his grandson, and included the adoptee in his 1947 will. Nonetheless, the court held that the exclusion was reasonable and consonant with long standing tradition concerning the disposition of property. Accord, *In re Estate of Graham* (1967), 379 Mich. 224, 150 N.W.2d 816; *Langhorne v. Langhorne* (1972), 212 Va. 577, 186 S.E.2d 50, *cert. denied,* 406 U.S. 946, 32 L. Ed. 2d 333, 92 S. Ct. 2046; contra, *Holter v. First National Bank & Trust Co.* (1959), 135 Mont. 27, 336 P.2d 701; *In re Bankers Trust Co.* (1972), 31 N.Y.2d 322, 338 N.Y.S.2d 891, 291 N.E.2d 767.

In the case at bar, we find an even stronger factual basis for applying the holding in *Clancy.* Here, the earliest adoptees, the Hardins, were not adopted until 12 years after the trust was created. Thus, the settlor could not have had the Hardins in mind when he created the trust. The Hardins' argument that the favorable provision in the settlor's 1941 will demonstrates his intent to include them in his 1927 trust is similarly irrelevant in light of the 14-year interval between the creation of the trust and the execution of the will. In fact, a similar argument was considered and rejected in *Clancy.* Indeed, it could be argued that the will provision evidences the fact that Harold F. McCormick recognized that his later adopted grandchildren were not covered by his earlier trust, and that he intended to provide for the adoptees through his will and not through his trusts, although the ultimate interpretation of that provision is beyond the scope of this appeal.

Defendants' reliance on *Munie v. Gruenewald,* 289 Ill. 468, 124 N.E. 605, is unfounded. In that case, the court held that the term "children," as used in a will executed in 1910, included an adopted child of one of the estate's beneficiaries. The court specifically found that the testator knew of the adoption at the time he executed the will and that he knew the adopted child was everywhere recognized as the child of his daughter. As our Supreme Court later stated in *Clancy,* the term lawful issue is not the legal equivalent of the term children. Moreover, the policy

rationale behind the *Munie* decision, *i.e.*, to construe a will to avoid intestacy, is not present in a trust construction suit where there are ample beneficiaries to fulfill the trust's purpose. Also, the settlor in this case could not have had the adoptees in mind when he created the trust whereas the testator in *Munie*, specifically knew the adoptee at the time he executed his will.

Finally, we note that an adopted child did not qualify as testator's "lawful issue" in a 1924 will construction suit (*Miller v. Wick*, 311 Ill. 269, 142 N.E. 490), nor could an adopted child inherit by right of representation from the lineal or collateral kindred of his adoptive parents when property was expressly limited to the "body or bodies of the parents by adoption." (Ill. Rev. Stat. 1927, ch. 4, par. 5; see *Stewart v. Lafferty*, 12 Ill. 2d 224, 145 N.E.2d 640.) Since a settlor or testator is presumed to know the existing law concerning the disposition of his property at the time he creates the dispositive instrument (*Belfield v. Findlay*, 389 Ill. 526, 60 N.E.2d 403), we believe that an even stronger inference could be drawn that Harold F. McCormick did not intend to include adopted children with the term "surviving issue" when he created his trust in 1927.

In light of our belief that the defendants failed to establish a genuine issue of fact on the material issue of the settlor's intent at the time he created the trust and, therefore, that the moving party is entitled to judgment as a matter of law, we hold that the trial court correctly entered a summary judgment, and, therefore, we need not reach defendants' remaining contentions in this opinion.

For the reasons stated above, we affirm the judgment of the circuit court of Cook County.

Affirmed.

SULLIVAN and DRUCKER, JJ., concur.