CHICAGO TITLE & TRUST COMPANY, Plaintiff-Appellee, v. PETER VANCE *et al.*, Defendants-Appellees (Patricia Mendel *et al.*, Defendants-Appellants).

First District (2nd Division)   No. 87—2105

Opinion filed October 11, 1988.—Rehearing denied November 9, 1988.

Daniel Stralka, of Davis & Cichorski, of Chicago, for appellant Richard Rosenwald.

John T. Hickey, Jr., and David J. Zott, both of Kirkland & Ellis, of Chicago, for appellant Patricia Mendel.

Robert P. Howington, Jr., of Chicago, for appellees.

John B. Dillon and Jeffrey T. Whipple, both of Concannon, Dillon & Morton, of Chicago, for *amicus curiae* Corporate Fiduciaries Association of Illinois.

JUSTICE BILANDIC delivered the opinion of the court:

This case requires construction of a will, executed in 1921, and republished by a codicil, executed in 1924, limiting gifts over to the "lawful issue" of the testator's children. The plaintiff, Chicago Title & Trust Co., as trustee, filed its amended complaint for interpleader seeking resolution of the conflicting claims asserted by defendants. The trial court held, *inter alia*, that adopted children were entitled to share in the proceeds of their mother's trust share.

The sole issue is whether the testator, Morris S. Rosenwald, intended that his children's adopted children should share in his trust estate. The operative language in the instant case is that the respective trust shares of Mr. Rosenwald's daughters, upon their deaths, "shall pass to the lawful issue then surviving, if any, of the such respective daughters, such lawful issue to take the deceased parent's share."

Upon hearing cross-motions for summary judgment, the trial court entered judgment in favor of the adopted children of one of the testator's daughters, holding that they were indeed entitled to their mother's trust share. Motions for reconsideration were denied and this timely appeal followed.

Morris S. Rosenwald (hereinafter Testator) died on March 24, 1924. He left a will dated June 27, 1921, and a codicil dated January 23, 1924. The will was admitted to probate on April 29, 1924, and the estate was closed in 1925.

Testator was survived by his widow and three children: defendant Richard M. Rosenwald (Richard), Catherine Rosenwald Vance (Catherine), and Elinor Rosenwald Harris (Elinor). Elinor died in 1973. She is survived by two children: defendant Patricia Mendel (Patricia), her natural daughter, and Donald Harris (Donald), her adopted son. Donald is not a party to this action. Catherine died in 1983. She is survived by her two adopted children, defendants Peter Vance (Vance) and Carol Packard (Packard), twins born and adopted in 1928.

Articles 8 and 9 of Testator's will set aside three two-ninth shares of his testamentary trust estate, one for each of his three children. This appeal involves disputed claims to his daughter Catherine's trust share valued at approximately $2.3 million. Defendants Vance and Packard claim Catherine's trust share because, as Catherine's adopted children, they are her "lawful issue." Patricia and Richard claim Catherine's share because they assert that as adopted children Vance and Packard cannot be her "lawful issue."

The pertinent language of the will sought to be construed is as follows:

> "It is my will that upon the death of my said daughters, respectively *** the two-ninths portions of the trust estate herein created, held in trust, respectively, for the use and benefit of each of my said two daughters, or such portion of such respective two-ninths shares as shall, at such time, be in the hands, custody or control of my said Trustees *shall pass to the lawful issue then surviving, if any, of the such respective daughters, each lawful issue to take the deceased parent's share* per stirpes and not per capita, as and for the absolute property of such lawful issue, forever, and in the event that either of my said daughters shall die leaving no lawful issue them or her surviving at the time of death, then and in such event it is my will that the two-ninths portion of the trust estate *** held in trust for the benefit of such daughter dying without lawful issue her surviving at the time of her death, shall be divided and distributed in equal shares, share and share alike, among such of my children as shall be surviving at such time, and the lawful issue then surviving of any of my said children who may die prior to such time leaving lawful issue surviving at such time ***." (Emphasis added.)

On June 26, 1933, approximately eight years after the closing of their father's probate estate, the three surviving children, Richard, Elinor and Catherine, entered into an agreement. The agreement was drafted by the same law firm that drafted Testator's will and codicil.

In the agreement, each of the children agreed to retain their respective direct shares of the estate from their father and to waive their rights to a share of a deceased sibling in favor of the adopted children of the deceased sibling.

The agreement provides in pertinent part:

> "It is the desire of all of the parties hereto that their respective legally adopted children, if any, should receive, upon the

death of any of the parties hereto, the portion of the trust estate which otherwise might vest in other parties hereto by reason of the failure of lawful issue; ***.

\* \* \*

Each of the parties hereto agree[s] with the others, for the benefit of any respective children heretofore or hereafter legally adopted by any of the parties hereto, that in the event any of the parties hereto shall die leaving no lawful issue but having theretofore legally adopted a child or children, the portion of the trust estate passing to the survivor or survivors of the parties hereto by virtue of the terms and provisions of the Last Will and Testament and Codicil of Morris S. Rosenwald, deceased, will forthwith be assigned, conveyed, transferred and delivered to such legally adopted children of the party or parties so dying in equal shares, share and share alike, and/or their descendants per stirpes and not per capita, as and for their absolute property forever."

At the time the agreement was executed, Catherine had already adopted defendants Vance and Packard, but neither Richard nor Elinor had any children.

In 1949, Richard, Catherine and Elinor filed a lawsuit naming the trustee as defendant. They requested that the term "lawful issue" as used in their father's will be construed to include adopted children. In their complaint, they each alleged that their father intended to include adopted children of his children, and that he intended to make no distinction between natural born and adopted children for the purposes of distribution under his will. The trial court stated that "it was inconceivable that their father *** would have intended to cause dissension or ill feeling that might result from making a distinction between Donald, Elinor's adopted son, and Patricia, Elinor's natural daughter, and on the ultimate distribution of the trust estate for her and not to treat them in any manner other than they have always been regarded, namely, as natural brother and sister." The same was stated about Catherine's children. That lawsuit, however, was voluntarily dismissed prior to the filing of any responsive pleadings by the trustee.

The record also shows that the trustee distributed portions of the trust assets long before the commencement of the present litigation. The Testator provided for a different scheme of distribution for his daughters than he did for his son, Richard. Under the will, the daughters were to receive only income for life from their respective trust shares whereas Richard received his entire portion of the trust

assets outright by the time he was 35 years old.

In 1973, upon Elinor's death, the trustee paid the principal remaining in Elinor's portion of the trust assets to her daughter, Patricia. The record is silent as to whether or not Patricia assigned one-half of the assets to her adopted brother, Donald, in accordance with the 1933 agreement. Catherine's death in 1983 gave rise to the competing claims of her adopted children, defendants Vance and Packard, and her brother and niece, defendants Richard and Patricia, over the meaning of "lawful issue."

In 1984, Chicago Title & Trust Co., as trustee, filed this interpleader seeking resolution of the conflicting claims asserted by defendants. The trial court granted summary judgment in favor of Vance and Packard (Catherine's adopted children), holding that they were entitled to their mother's trust share.

I

Defendants Patricia and Richard contend that the trial court committed reversible error by determining that "lawful issue" as used by the Testator in his will and codicil included adopted children.

■ The Testator's intent must be determined as of the date of execution of the codicil, even though the codicil does not refer to the specific provisions of the will at issue. (*Knight v. Bardwell* (1965), 32 Ill. 2d 172, 175-76, 205 N.E.2d 249.) A testator is presumed to have known the law in force when the will was drafted and to have made the will in conformity with the law. (*Belfield v. Findlay* (1945), 389 Ill. 526, 529, 60 N.E.2d 403.) Thus, we must determine whether the adopted children of his daughter, Catherine, are "lawful issue" under the law in force when the codicil was executed on January 23, 1924.

At the time Testator executed his will in 1921 and codicil in 1924, section 5 of "An Act to revise the law in relation to the adoption of children" (hereinafter the Act) provided:

> "A child so adopted shall be deemed, for the purposes of inheritance by such child, and his descendants and husband or wife, and other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, *except that he shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation.*" (Emphasis added.)
> (Ill. Rev. Stat. 1874, ch. 4, par. 5.)

Section 5 of the Act was repealed in 1939.

This 1874 Act was modeled after the law of adoption of children in Massachusetts of 1871. The leading case construing wills and trusts in Massachusetts are *Sewall v. Roberts* (1874), 115 Mass. 262, and *Tirrell v. Bacon* (D. Mass. 1880), 3 F. 62. In *Sewall*, the Massachusetts Supreme Court held that under the Massachusetts Act of 1871, a child adopted by the income beneficiary of the trust fell within the meanings of the terms "children," "issue" and "lawful issue" of the income beneficiary, even though the trust was created 40 years prior to the adoption. *Tirrell* held that the adopted child in question was "lawful issue" of the deceased child of the testator.

The Illinois Supreme Court followed Massachusetts cases in its interpretation of the 1874 Act. The latest pronouncement of our supreme court prior to the execution of the codicil in 1924 was *Munie v. Gruenewald* (1919), 289 Ill. 468, 124 N.E. 605. The court held:

> "In construing a will the principle to keep constantly in mind is, the testator's intention must govern. ***
> ***
>
> *** The testator at the time he made his will is presumed to have known the law in relation to the adoption of children and to have made his will in view of the [adoption] statute and of the interpretation placed on that statute by this court. [Citation.]
>
> *** If it had been the *intention* of the testator to exclude this [adopted] child [of his daughter] from participating in the distribution of his estate he could easily have limited the property to *the heirs of his body*, or to *children of the blood of his children*, or to *children born to his children*. No such litigation was made in the testator's will and there is *nothing* in the will to indicate that such was his *intention*." (Emphasis added.) 289 Ill. at 470-72.

*Munie* was decided only two years before the will at bar was executed and was a road map to anyone desiring to exclude adopted children from his will.

■ In the will at bar, the Testator did not use the exclusionary terms established by the supreme court in *Munie*—"heirs of *his body*" or "children of the *blood* of his children" or "children *born* to his children"—nor was there any intention of the Testator to confine his property to members of his bloodline. Instead, his intention was clearly to the contrary. Not only did he not confine the objects of his bounty to his bloodline, but his will made substantial provision for persons not of his blood, some of whom he did not even know, *e.g.*, the future widow of his son, defendant Richard Rosenwald, and a fu-

ture widow of a nephew.

In order to avoid the result in *Munie*, defendants Patricia and Richard contend that four Illinois Supreme Court cases support their theory that the term "lawful issue" excludes a child adopted by the child of the Testator or settlor. They cite: *Orme v. Northern Trust Co.* (1962), 25 Ill. 2d 151, 183 N.E.2d 205, *cert. denied sub nom. Von Hardenberg v. Kennedy* (1962), 371 U.S. 935, 9 L. Ed. 2d 271, 83 S. Ct. 308; *Ford v. Newman* (1979), 77 Ill. 2d 335, 396 N.E.2d 539; *Continental Illinois National Bank & Trust Co. v. Clancy* (1959), 18 Ill. 2d 124, 163 N.E.2d 523; and *Miller v. Wick* (1924), 311 Ill. 269, 142 N.E. 490. Defendants, Vance and Packard, dispute this reading of the cases and point out that each case is inapposite for various reasons.

It is not necessary for us to decide the merits of the competing arguments relating to these cases because they were decided by our supreme court *after Morris S. Rosenwald executed his will and codicil*. Our review is limited to the law at the time the will and codicil were executed.

■ Finally, defendants Patricia and Richard assert that *Miller v. Wick* (1923), 230 Ill. App. 1, *aff'd* (1924), 311 Ill. 269, 142 N.E. 490, was decided by the First District of the Appellate Court in 1923, prior to the execution of the codicil in 1924. Their interpretation of the appellate court opinion would exclude adopted children as "lawful issue." Vance and Packard dispute this interpretation.

Again, it is not necessary for us to decide which interpretation is applicable because appellate decisions were not of binding authority until the Courts Act was amended in 1935. (See *The Journal Co. v. F.A.L. Motor Co.* (1913), 181 Ill. App. 530, 536; Ill. Rev. Stat. 1935, ch. 37, par. 41.) A decision by the supreme court constitutes the law of the State so as to be binding until overruled by the supreme court. (See *Newberry Library v. Board of Education* (1945), 390 Ill. 48, 60 N.E.2d 552.) Thus, neither the scrivners of the will in the case *sub judice*, nor the Testator, was required to rely on the appellate decision in *Miller* for guidance.

We therefore conclude that the trial court correctly determined that, under the facts of this case, "lawful issue" included the adopted children of a child of the Testator.

## II

Having concluded that defendants Vance and Packard are the "lawful issue" of Catherine and, therefore, entitled to receive her share of the testamentary trust created by her father, it is not neces-

sary for us to consider the consequences of the 1933 agreement between defendant Richard and his sisters, Elinor and Catherine.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS* and SCARIANO, JJ., concur.

---

*Justice Stamos participated in the decision of this case prior to taking office as a supreme court judge.