RUSSELL v. MUSSON.

1. WILLS—ADOPTED CHILDREN—TERM "CHILDREN" DOES NOT IN-
   CLUDE ADOPTED CHILDREN UNLESS INTENT TO INCLUDE THEM IS
   MANIFEST.

The word "children" does not usually include an adopted
child, notwithstanding a statutory provision investing an
adopted child with the right of inheritance from the adopt-
ing parent, unless it is manifest, from the language of
the will and the surrounding circumstances, as in con-
nection with such a statute, that the testator intended to
include such child.

2. SAME—CHILDREN ADOPTED AFTER MAKING OF WILL NOT INCLUDED
   —INTENT.

Where a son and his wife were childless at the time the
father by will devised to them property for their lifetime
with remainder over to their children, if any, them sur-
viving, children adopted by them after the making of the
will and after testator became incompetent do not take
thereunder; there being nothing in the will to indicate
that testator intended they should be included.

3. PERPETUITIES—SUSPENDING POWER OF ALIENATION—STATUTES.

A devise of an estate to a son and his wife for life with
remainder over to their children, if any, them surviving,
and, if none, then to a brother and sister or the survivor
with remainder over to their mother in case they leave
no issue, does not violate the statute (3 Comp. Laws
1915, §§ 11532, 11533) by suspending power of alienation
beyond two lives in being.

Appeal from Ionia; Hawley (Royal A.), J. · Sub-
mitted April 21, 1927.     (Docket No. 154.)     Decided
December 1, 1927.     Rehearing denied April 2, 1928.

Bill by Guy Broas Russell, individually and as ex-
ecutor of the will of Josiah Charles Russell, deceased,

¹Wills, 40 Cyc. p. 1452; 30 A. L. R. 1407; 28 R. C. L. 252; 3
R. C. L. Supp. 1564; 5 R. C. L. Supp. 1523; ²Id., 40 Cyc. p. 1452;
³Perpetuities, 30 Cyc. p. 1519.

and another against Sarah Musson and others for the construction of a will. From the decree rendered, all parties appeal. Modified and affirmed.

*Glenn D. Mathews* (*George E. Nichols,* of counsel), for plaintiffs.

*D. Hale Brake,* for defendants.

BIRD, J. This bill asks the court to construe the will of Josiah Charles Russell. Josiah Charles Russell was a well-to-do farmer in Ionia county. Most of his property was in real estate. He made the will in February, 1916. In 1921 he was declared incompetent by the probate court, and his son was appointed his guardian. He remained incompetent until he died, in September, 1924. His son, Guy Broas Russell, was testator's sole heir. The son was 52 years of age, and his wife, Clara, was 49 when the proofs were taken in this case. They were childless, and in 1923 they duly and legally adopted two children, a girl and a boy. The material part of the will follows:

"*Second:* I give, bequeath and devise to my son, Guy Broas Russell and to Clara B. Russell, the wife of said Guy Broas Russell, jointly, of the township of Otisco aforesaid, the absolute use and enjoyment, together with the income and profits of my personal property my home farm consisting of one hundred and sixty (160) acres of land in the township of Otisco, and also my houses and lots in the city of Belding, in said county, for their absolute use, possession and enjoyment for and during the period of their natural lives, they to keep the buildings and improvements upon said premises in good and substantial repairs and they shall not alienate or incumber the title to said land and premises or allow the same to become clouded in the title thereof in any manner whatsoever; they shall have the right to use the timber upon said premises in the construction of buildings, fences upon the said premises, and to use the dying and decaying timber

for firewood, but they shall not under any circumstances sell or move off from said premises any of the timber thereon.

"*Third:* In case my said son, Guy Broas Russell, shall have children surviving him, I do hereby give and bequeath and devise the rest, residue and remainder of my real estate and personal estate to such children, their heirs and assigns forever.

"*Fourth:* After the death of my said son, Guy Broas Russell and his said wife, Clara B. Russell, in case my said son shall die without children, then I give, bequeath and devise all the rest, residue and remainder of my said estate to Josiah Charles Musson and Hannah A. Musson, and to their heirs and assigns forever, share and share alike, the said Josiah Charles Musson and the said Hannah A. Musson being the son and daughter of Charles and Sarah Musson, of the township of Belvidere, Montcalm county, Michigan, the said Josiah Charles Musson having been named after me, and the said Hannah A. Musson having been named after my deceased wife, Hannah A. Russell. This bequest and devise is subject, however, to the following provisions, that they, the said Josiah Charles Musson and Hannah A. Musson, if necessary, shall care for and support in a suitable manner and in keeping with her station in life, their mother, Sarah Musson, during her declining years, and the said bequest and devise is hereby charged with such support. Should either said Josiah Charles Musson or said Hannah A. Musson die without issue, then I give, devise and bequeath the said rest, residue and remainder of my said real and personal property to the survivor of them, and in case both of said children shall die without issue, I give, devise and bequeath said rest, residue and remainder of my said real and personal estate to their mother, Sarah Musson, her heirs and assigns forever."

The questions about which advice is sought are:

(1) Do the adopted children take under the will?
(2) Does the will violate the statute by suspending the power of alienation longer than for two lives?

1. The fact that the children were regularly and legally adopted under our statute (Act No. 70, Pub.

Acts 1923) is rather persuasive that the children would take under the circumstances presented here. But the rule appears to hold otherwise:

"The word, 'children,' does not usually include an adopted child, notwithstanding a statutory provision investing an adopted child with the right of inheritance from the adopting parent, unless it is manifest, from the language of the will and the surrounding circumstances, as in connection with such a statute, that the testator intended to include such child." 40 Cyc. p. 1452.

The cases which have been called to our attention are not numerous, but they all appear to be in accord with this rule. The question appears to turn upon the intention of the testator. Some of the cases involving the question are: *In re Leask,* 197 N. Y. 193 (90 N. E. 652, 27 L. R. A. [N. S.] 1158, 18 Ann. Cas. 516, 134 Am. St. Rep. 866); *Woodcock's Appeal,* 103 Me. 214 (68 Atl. 821, 125 Am. St. Rep. 291); *Lichter* v. *Thiers,* 139 Wis. 481 (121 N. W. 153); *Cochran* v. *Cochran,* 43 Tex. Civ. App. 259 (95 S. W. 731); *In re Yates' Estate,* 281 Pa. 178 (126 Atl. 254); *Smith* v *Thomas,* 317 Ill. 150 (147 N. E. 788).

The last case cited holds that when a will provides for a child of some person other than the testator, an adopted child is not included, unless the will makes it clear that the adopted child was intended to be included. The rule does not appear to be applicable where the testator has himself adopted a child. In the instant case the children were not adopted until after the will was made and testator was declared incompetent. There is nothing in the will which indicates that testator intended they should be included. In view of this we must hold that the adopted children do not satisfy that provision of the will.

2. This question involves the following statute:

"Every future estate shall be void in its creation, which shall suspend the absolute power of alienation

for a longer period than is prescribed in this chapter; *such power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed.*"   3 Comp. Laws 1915, § 11532.

"The absolute power of alienation shall not be suspended by any limitation or condition whatever, for a longer period than during the continuation of two lives in being at the creation of the estate, except," etc.   3 Comp. Laws 1915, § 11533.

It is reasonably certain that the power of alienation is suspended during the life of Guy Broas Russell, because it cannot be ascertained who the owner of the estate will be until his death.   If he leaves a child the child will be the owner.   If he leaves no child then Josiah Charles Musson and Hannah Musson, brother and sister, will receive the title.   Testing the question by the statutory rule referred to (§ 11532), we find that if all the parties mentioned in the will should sign a deed it would not convey a title of an absolute fee in possession.   Thus we have a suspension of the power of alienation for one life.

When Guy Broas Russell passes over, Clara, his wife, will have a life estate, and the title will pass to Josiah Charles Musson and Hannah A. Musson, liable to be defeated if neither Charles nor Hannah leave an heir, also charged with the support of the mother, Sarah Musson.   The power of alienation is no longer suspended.   Applying the statutory test again, we have a conveyance signed by Clara, the widow of Guy Broas Russell, who owns the life estate; signed by Josiah Charles Musson and Hannah A. Musson, owners of the title, and finally signed by Sarah, owner of a support charge on the estate, and owner of a future contingent estate.   These signatures make a complete title of fee simple in possession.

Something has been said with reference to the power of Sarah Musson to assign her contingent estate.   We

think the statute permits it (§§ 11553, 11527 and 11531). See, also, *Goodell* v. *Hubbard*, 32 Mich. 47. If Sarah could not assign her right to support she could release it. *Beardsley* v. *Hotchkiss*, 96 N. Y. 201.

Had the will provided that if either Josiah or Hannah had an heir the property should go to them, it would have presented a different question. It would then have injected the uncertain element of unascertained heirs. The will, however, simply provides that if either has heirs the property shall remain with them, otherwise to go over to the mother. The heirs get nothing if they do appear.

The trial court was of the opinion that the adopted children could not take under the will. He was of the opinion also that the will violated the statute because it suspended the power of alienation for three lives. Upon this question we shall have to disagree with him. His decree in other respects is affirmed. Costs of this court will be paid out of the funds of the estate.

SHARPE, C. J., and FELLOWS, CLARK, and MCDONALD, JJ., concurred.

WIEST, J. (*concurring in the result*). I do not think the provisions of the will suspend the power of alienation beyond two lives in being, neither do I think the rule of cross-remainders at all applicable. Guy Broas Russell and Clara B. Russell are given life estates and cannot convey, neither can any one else convey during their lives if they have no issue. This suspends power of alienation during one life. If the Russells have issue, surviving them, then the title vests. and suspension of power of alienation ends. If the Russells have no issue then Josiah C. and Hannah A. Musson, if they have no issue, take life estates only. This at the most suspends power of alienation during a second life. If the Mussons have issue the estate vests, and, if they die without issue, the estate vests

in Sarah Musson, and in any event the suspension ends at the close of two lives.

SHARPE, C. J., and FELLOWS, CLARK, and MCDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.