Samuel M. Gold, J.
The present application is one for construction, the three guardians having requested the construction as an intermediate step. All parties agree that, under the law of any State which could conceivably be applicable to the trust indenture, the power of appointment was never effectively or validly exercised by Jessie Ring Garrett. The remaining question of construction is whether Jessie Ann Nelson, a daughter adopted by Jessie Ring Garrett after the death of the settlor of the trust, is a “ child ” of Jessie Ring Garrett within the meaning of the indenture. The settlor, at the time of the creation of the trust, was domiciled in Michigan, but the trust instrument was delivered in Ohio, and the original corporate trustee was The Guardian Trust Company of Cleveland, Ohio. The individual trustees were a domiciliary of Ohio and a domiciliary of Washington. The securities which constituted the corpus of the trust were deposited with the Ohio Trust Company. The indenture contained no provision as to what law was to apply. Regardless of whether the law applied be that of Ohio or that of Michigan, Jessie Ann Nelson must be held not to be a child of Jessie Ring Garrett for the purposes of the trust indenture, in view of the fact that her adoption was *771 subsequent to the date of the indenture and the death of the settlor (Third Nat. Bank & Trust Co. v. Davidson, 157 Ohio St. 355; Russell v. Musson, 240 Mich. 631; Matter of Chapple, 338 Mich. 246). The guardian for Jessie Ann Nelson takes the position that ‘ ‘ the trust is a Michigan trust ’ ’ and that the case of Matter of Chappie {supra) is authority in his favor because the lower court in that case had referred to the absence of a power of appointment, whereas such a power exists in the instant case. The language, however, about the absence of a power of appointment in the Michigan case did not relate to the question of whether the adopted child was a “ child ” within the meaning of the will, but to a second and wholly different question presented by the appellant in that case, who had argued (pp. 252-253) that the contingent gifts made in the will failed, because the contingencies therein specified had not occurred, and that, therefore, the adopted children took by virtue of a partial intestacy. It is this contention that the lower court had been discussing since it said (pp. 249-250): “ ‘ To construe the will as urged by appellants, viz.: that the daughter must die leaving issue, and that such issue must die before attaining their majority, before Kalamazoo College could take, would presume that the testator intended intestacy under the situation as it has eventuated. The presumption is the other way. To interpret the will as urged by appellants would give a blind mechanistic interpretation to the will and in view of the fact that the testator did not give his daughter any power of appointment, such interpretation would thwart the plain intent of the testator.’ ”
The law of "Washington is not controlling merely because one of the three trustees, an individual, was a domiciliary of that State. Furthermore, there appears to be no decision on that point in Washington and the general rule (see 3 Restatement, Property, § 287) exemplified by the Ohio and Michigan decisions, would, therefore, presumably be followed in that State. The main brief of the guardian for Jessie Ann Nelson concedes that the general rule is that a subsequently adopted child is not a child within the meaning of a will or trust instrument. The mere circumstance that the successor trustee is a New York corporation is insufficient to make New York law applicable and it is, therefore, unnecessary to decide what determination would be required under New York law.
The court accordingly holds (1) that the power of appointment was not validly exercised, and (2) that Jessie Ann Nelson is not a “ child” of Jessie Ring Garrett within the meaning of the indenture.