379 Mich. 224 (1967)
150 N.W.2d 816
In re GRAHAM ESTATE.
VENEKLASEN
v.
SALVATION ARMY.
Calendar No. 5, Docket No. 51,367.
Supreme Court of Michigan.
Decided June 6, 1967.
*225 Warner, Norcross & Judd (Thomas R. Winquist, of counsel), for Robert J. Veneklasen.
Wheeler, Upham, Bryant & Uhl, for defendant Salvation Army.
DETHMERS, C.J.
On August 24, 1926, the decedent died leaving a will dated August 31, 1925. In paragraph 11 he established a trust for the benefit of his niece for her lifetime. The will provided, upon the death of that life beneficiary, for termination of the trust and distribution of the corpus "to her [that niece's] issue by right of representation; and if she is without issue then surviving" the fund was to be kept, with accumulations, as a perpetual trust for the benefit of the Evangeline Home and Hospital of the defendant, Salvation Army. The niece died *226 on March 29, 1963, leaving no issue born of her body surviving. She did, however, leave one adopted son, the plaintiff, born on November 17, 1926, whom she had adopted on June 9, 1928.
At the time of the testator's death, in 1926, as also of the making of his will in 1925, it was the law in Michigan that the term "issue" used in a last will and testament did not include an adopted child. Russell v. Musson (1927), 240 Mich 631; In re Chapple's Estate (1953) 338 Mich 246. In 1957, six years before the death of the life beneficiary herein, the legislature adopted an amendment to the adoption statutes (CLS 1961, § 710.9, Stat Ann 1962 Rev § 27.3178[549]), to provide, in effect, that thereafter the term "issue" should include an adopted child. So held in In re Miner Estate (1960), 359 Mich 579.
The above fact and law situation presents the question, then, whether the testator's intent as to inclusion of an adopted child within the meaning of the term "issue" is to be determined according to the law in effect at the time of the testator's death or at the time of the death of the life beneficiary.
We speak of the problem as being one of determining the testator's intent. That intent must govern. In re East's Estate, 325 Mich 352; In re Ford's Estate, 331 Mich 220; In re Sewart Estate, 342 Mich 491; Mills v. Butler, 364 Mich 422.
Defendant points out, touching on testator's intent, that at the time of his execution of the will and subsequent death plaintiff had not only not yet been adopted but had not even been born. The significance thereof defendant stresses by partially quoting from Russell v. Musson, supra, in which it was held that testamentary provision for the child of another person does not include that person's adopted child unless the will expresses a clear intent that it be included, the following (p 634):
*227 "The question appears to turn upon the intention of the testator. * * * In the instant case the children were not adopted until after the will was made and testator was declared incompetent. There is nothing in the will which indicates that testator intended they should be included. In view of this we must hold that the adopted children do not satisfy that provision of the will."
Testator did not use the word "heir" or "child", but "issue". At the time of its use in execution of the will that word, as we have seen, did not, in Michigan, include an adopted child. This is indicative of testator's intent. As stated in 4 Page on Wills (Bowe-Parker 1961 Rev), § 34.22, pp 447, 448:
"It has been said that `issue' does not mean heirs at law, whether at common law or under the statute of descent. * * * It does not include an adopted child."
So much for the matter of actual proof of intent not to include the adopted child.
There are presumptions of intent to be considered. In the case of In re Miner Estate, supra, the situation was that the 1957 adoption statute amendment became effective two weeks before the death of the testatrix. This Court held the amendment controlling of that case and the construction of the terms "lineal descendent" or "issue". In holding the natural son of an adopted daughter of a testatrix to be a lineal descendant or issue and hence competent to contest the will of testatrix, this Court said, with respect to the very statute involved in the instant case, the following:
"It appears clear that it is this statute which is controlling in our present case since it is the one which was in effect at the death of the intestate. *228 In re Loakes' Estate, 320 Mich 674; In re Dempster's Estate, 247 Mich 459."
The meaning of the case, conversely, would be that had the death of the testatrix preceded the statutory amendment the pre-existing law would have controlled.
In the case of In re Dempster's Estate, 247 Mich 459, it was held that the law governing an adoptive mother's rights to inherit from an adopted son at the time of the latter's death controlled as distinguished from the provisions of a statute enacted after his death but during the lifetime of the adopting mother. This Court said:
"In determining that the personal property of an intestate, subject to the payment of his lawful debts, is to be distributed among those persons who were his heirs at the time of his death, the foregoing cases are in full accord with the Michigan decisions. Richmond v. Railway Co., 87 Mich 374; Parks v. Norris, 101 Mich 71."
The intent of the testator must be held to have been what the words employed in his will meant at the time of his death. It was not competent for the legislature to change his will in that respect by statutory amendment adopted after his death.
The holding of the Court of Appeals[*] affirming that of the circuit court, which was in accord herewith, is affirmed, with costs to defendant.
KELLY, BLACK, T.M. KAVANAGH, SOURIS, O'HARA, and ADAMS, JJ., concurred.
BRENNAN, J., did not participate in the decision of this case.
NOTES
[*] 1 Mich App 624.  REPORTER.