*In re* WALLIN ESTATE

WALLIN v TORSON

Docket No. 78-633. Submitted December 7, 1978, at Grand Rapids.— Decided March 6, 1979.

Elizabeth Wallin executed a will in 1941. She died in 1943 leaving a son, Franklin W. Wallin, and a daughter, Orcelia Wallin Torson. Orcelia adopted Thomas Wallin Torson in 1931 and died in 1976, leaving Thomas as her only surviving heir. In her will, Elizabeth Wallin provided for the disposition of Orcelia's trust property by declaring that upon her death the trustees were to pay the residue of the trust fund and its accumulations to her issue by right of representation and if Orcelia had no issue the trust fund was to be paid to her son Franklin W. Wallin or his issue. Thomas filed a petition in Ottawa Probate Court seeking construction of the will. Frederick T. Miles, J., determined that Thomas was included in the term issue as used in Elizabeth's will and also ruled that a disclaimer of inheritance executed by Thomas was invalid. Franklin Wallin appealed the probate decision to Ottawa Circuit Court where Calvin L. Bosman, J., reversed the probate decision that Thomas was issue under the will. Judge Bosman did not rule on the validity of the disclaimer. Defendant, Thomas Wallin Torson, appeals by leave granted. *Held:*

1. Thomas Wallin Torson, as the adopted son of Orcelia Wallin Torson, is her issue and entitled to conveyance of the trust property under his grandmother's will. Unless the terms of a will indicate a contrary intent, the term issue shall be construed to include adopted persons. There was nothing in Elizabeth Wallin's will which indicates an intent to exclude Thomas Wallin Torson from receiving the trust property upon his mother's death.

2. The defendant's disclaimer of interest in the estate will be

REFERENCES FOR POINTS IN HEADNOTES

[1] 80 Am Jur 2d, Wills §§ 1143-1146.
[2] 2 Am Jur 2d, Adoption §§ 92, 96-99.
  80 Am Jur 2d, Wills §§ 1184, 1205, 1217.
[3] 2 Am Jur 2d, Adoption § 98.
[4] 80 Am Jur 2d, Wills § 1143.
[5] 80 Am Jur 2d, Wills §§ 1104-1114, 1597-1606.

given no effect because the disclaimer was executed upon the false belief that the defendant had no entitlement to the property and that belief was created by the assurances of the plaintiff, a trustee of the estate, who stood to benefit by the disclaimer.

The circuit court order is reversed and the probate court order is reinstated.

1. WILLS — CONSTRUCTION — TESTATOR'S INTENT — LANGUAGE.

The sole objective in an action for construction of a will is ascertainment and effectuation of the intent of the testator as it appears from the language of the instrument.

2. WILLS — TRUSTS — CONSTRUCTION — ADOPTED PERSONS — DESCENDANTS — VESTED INTERESTS — INDEFEASIBLE RIGHTS — STATUTES.

The term child, grandchild, issue, heir, descendant, beneficiary or other equivalent term should be construed to include any adopted person and his descendants, whether natural or adopted, in the construction of any trust agreement or will, unless a contrary intention appears by the terms of the will or unless the estate granted or devised to the child, grandchild, issue, heir, descendant, beneficiary or equivalent person has vested in an already ascertained person or persons who have an immediate indefeasible right of enjoyment or a present indefeasible fixed 'right of future enjoyment therein (MCL 702.14a; MSA 27.3178[84a]).

3. WILLS — CONSTRUCTION — TESTATOR'S INTENT — ISSUE — ADOPTED PERSONS — LEGISLATURE.

The Legislature cannot change a testator's will or the intent of a testator by a statute adopted after the testator's death; however, the Legislature acts within its authority and does not abridge the rights of a testator by decreeing that, unless the terms of a will indicate a contrary intent, the term issue shall be construed to include adopted persons because the statute merely sets forth a rule of construction to assist the courts in construing instruments wherein intent is not clear.

4. WILLS — TESTATOR'S INTENT — LANGUAGE.

It is the responsibility of a testator to indicate his intent clearly in the language of his will.

5. WILLS — TRUSTS — DISCLAIMER OF INHERITANCE — FALSE ASSURANCES.

A defendant's disclaimer of inheritance to a disputed portion of an estate's trust property under a will should be given no effect

where the testimony of a plaintiff, who is an heir and trustee of the will, unequivocally indicates that the defendant executed the disclaimer based on the plaintiff's assurance that the defendant was not entitled to the trust property.

*Bergstrom, Slykhouse & Shaw, P.C.* (by *James G. Black*), for plaintiff.

*Miller, Johnson, Snell & Cummiskey* (by *Stephen C. Bransdorfer* and *Henry L. Guikema*), for defendant.

Before: T. M. BURNS, P.J., and M. J. KELLY and D. F. WALSH, JJ.

D. F. WALSH, J. Defendant appeals the order of the Ottawa County Circuit Court reversing the probate court's determination that defendant is included in the term "issue" as used in the will of defendant's maternal grandmother Elizabeth W. Wallin. The probate judge also declared invalid a disclaimer executed by defendant in which he disclaimed any interest in the now disputed portion of Elizabeth Wallin's estate. The circuit judge did not rule on the validity of the disclaimer.

We address two issues:

1. Did the probate judge err in ruling that defendant, who was adopted ten years prior to the date of his grandmother Elizabeth Wallin's will, was his mother's "issue" for purposes of interpreting that will?

2. Did the probate judge err in setting aside the disclaimer executed by defendant on May 12, 1975, in which he disclaimed any interest in the now disputed portion of his grandmother's estate?

Elizabeth Wallin's will, dated December 27, 1941, created, *inter alia,* a life trust for her daughter Orcelia Wallin Torson. ELizabeth Wallin died in 1943 and was survived by a son, plaintiff Frank-

lin W. Wallin, and her daughter Orcelia Wallin Torson, defendant's mother. Orcelia Torson died on December 31, 1976. Defendant was Orcelia Torson's only surviving child. He was adopted by Orcelia Torson on August 29, 1931.

In her will, Elizabeth Wallin provided for the disposition of Orcelia Torson's trust property upon Orcelia Torson's death as follows:

"* * * and upon her *[i.e.,* Orcelia Torson's] death, said Trustees are to pay, deliver and convey the residue of said Trust Fund and all accumulations thereon, *to her issue by right of representation,* and if she is deceased without issue surviving, then said Trustees are to pay, deliver and convey the same to my son, Franklin W. Wallin, and if he is deceased, then to his issue, by right of representation." (Emphasis added.)

The sole objective in an action for construction of a will is ascertainment and effectuation of the intent of the testator as it appears from the language of the instrument. *In re Hund Estate,* 395 Mich 188, 196; 235 NW2d 331 (1975), *reh den,* 395 Mich 923 (1976).

Our examination of Elizabeth Wallin's will and the 1943 codicil thereto persuades us of her intent to include defendant in the term "issue". The testamentary provisions clearly indicate an intent to treat each of her grandchildren alike.

Arguably, however, Elizabeth Wallin's intent in using the term "issue" is ambiguous since one of her grandchildren (defendant) was adopted.[1] In

---

[1] The significance of the fact that defendant was adopted is evident when the instant case is compared with *In re Butterfield Estate,* 405 Mich 702; 275 NW2d 262 (1979). (no. 59276, decided February 8, 1979). In that case, the Supreme Court was apparently concerned only with natural children, grandchildren and great grandchildren. The sole issue was whether great grandchildren were included in the term "issue" as used in their great grandfather's will. The Court noted that "issue" is defined in Michigan to mean all lineal descendants and that

light of this arguable ambiguity in the will's language, the probate judge was within his authority in resorting to a statutory rule of construction. *In re Hund Estate, supra,* at 196.[2]

In 1966, the Legislature enacted the following statute:

"In the construction of any trust agreement or will, whether executed before or after the effective date of this enactment, the term 'child', 'grandchild', 'issue', 'heir', 'descendant', 'beneficiary' or other equivalent term shall be construed to include any adopted person and his descendants whether natural or adopted unless a contrary intention appears by the terms thereof or unless, at the effective date of this enactment, the estate granted or devised to the 'child', 'grandchild', 'issue', 'heir', 'descendant', 'beneficiary' or equivalent person has vested in an already ascertained person or persons who have an immediate indefeasible right of enjoyment or a present indefeasible fixed right of future enjoyment therein." MCL 702.14a; MSA 27.3178(84a).

Neither of the two statutory exceptions applies here. First, there is nothing in Elizabeth Wallin's will which indicates an intent to exclude defendant from receiving the trust property upon his mother's death. Second, it was not until Orcelia

---

the great grandchildren were, therefore, included. MCL 8.3h; MSA 2.212(8). The Court's reference to the "plain meaning of the word 'issue' in this state" must be read with the case's factual context in mind.

[2] We reject plaintiff's argument that, at the time Elizabeth Wallin's will was executed, the term "issue" did not include defendant. All cases cited by plaintiff involved children adopted after execution of the will, *Russell v Musson,* 240 Mich 631; 216 NW 428 (1927), or after the testator's death. *In re Chapple's Estate,* 338 Mich 246; 61 NW2d 37 (1953), *In re Graham Estate,* 379 Mich 224; 150 NW2d 816 (1967). In each of those cases, the fact that the child was subsequently adopted was noted as a relevant factor in determining the intent of the testator. Also see 2 Am Jur 2d, Adoption, § 94. That intent is always the controlling factor, *In re Graham Estate, supra,* at 226. The instant defendant was adopted ten years prior to Elizabeth Wallin's execution of her will.

Torson's death "without issue surviving" that the estate granted to her "issue" could have vested in another person who would have an indefeasible right of present or future enjoyment. The term "vested" has "acquired a peculiar and appropriate meaning in the law", and it is clear that the Legislature intended it to be construed according to that meaning. MCL 8.3a; MSA 2.212(1). The possibility of a woman having children is not disproven until her death. See, *e.g., Gettins v Grand Rapids Trust Co,* 249 Mich 238; 228 NW 703 (1930).

We find nothing constitutionally infirm in the above statute. The Legislature's intent that the statute is to be applied retroactively is absolutely clear. There is express provision for protection of vested rights. *In re Davis' Estate,* 330 Mich 647, 652; 48 NW2d 151 (1951).

It is true, of course, that the Legislature cannot change a testator's will or the intent of a testator by a statute adopted after the testator's death. *In re Graham Estate,* 379 Mich 224, 228; 150 NW2d 816 (1967). This statute, however, merely sets forth a rule of construction to assist the courts in construing instruments wherein intent is not clear. The Legislature was within its authority in decreeing that, unless the terms of a will indicate a contrary intent, the term "issue" shall be construed to include adopted persons. No rights of testators are abridged. It has always been the responsibility of a testator to indicate his intent clearly in the language of his will. There is nothing in the statute which changes or frustrates an intent clearly expressed.

With regard to the disclaimer executed by defendant we affirm the probate judge's ruling that it is to be given no effect. The deposition testimony of

plaintiff unequivocally indicates that defendant executed the disclaimer based on the assurance of plaintiff, one of the trustees, that defendant was not entitled to the trust property.

We reverse the circuit court order and reinstate the probate court order finding that defendant is Orcelia Torson's "issue" for purposes of construing Elizabeth Wallin's will. Because there were no disputed relevant facts, the probate judge was within his authority in entering judgment for defendant without a formal hearing.

Costs to appellant.