*In re* LEGGETT ESTATES

FITHIAN v PAPALINI

Docket Nos. 72968, 72969. Argued April 2, 1985 (Calendar No. 7).—
Decided December 5, 1985. Rehearing denied *post,* 1205.

Vasanti F. Fithian petitioned the Oakland Probate Court, seeking
a determination of her status as a beneficiary of trusts created
by the wills of John W. Leggett and Grace F. Leggett who died
in 1939 and 1944, respectively. Each trust provided that the
trust income was to be paid equally to the Leggetts' daughters,
Wilhelmina and Annabel, and that upon the death of either of
the daughters one-half of the income was to be paid to the
survivor and one-half to the issue of the deceased daughter per
stirpes. Upon the death of the surviving daughter, payment
was to be made to the Leggetts' living issue per stirpes. Both
daughters died; Wilhelmina had survived Annabel. Vasanti
Fithian had been adopted by Wilhelmina in 1940. The probate
court, Norman R. Barnard, J., applied the statutory presump-
tion in favor of including adopted persons in a class of benefi-
ciaries where there is no express intent of a testator or settlor
to the contrary. There was no such presumption in the statutes
before 1966. The Court of Appeals, BRONSON, P.J., and MAC-
KENZIE and J. H. GILLIS, JJ., reversed in an unpublished opin-
ion per curiam, concluding that the statutory presumption did
not apply retroactively in this case (Docket Nos. 65287, 65288).
The plaintiff appeals.

In a unanimous opinion by Justice LEVIN, the Supreme Court
*held:*

The term "issue" in a will or trust agreement must be
construed to include any adopted person.

1. Section 128 of the Revised Probate Code supplanted the
common-law rule of construction that provided for different
treatment of adopted persons. Read together with § 60, § 128

---

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Adoption §§ 98, 112.

Right of adopted child to inherit from intestate natural grandpar-
ent. 60 ALR3d 631.

Adoption of adult. 21 ALR3d 1012.

Adopted child as within class in testamentary gift. 86 ALR2d 12.

leaves no doubt that an adopted child is to be treated in all respects the same as a child who is not adopted. Under § 128, the term "issue" includes any adopted person unless a contrary intention appears by the terms of the instrument or the estate devised vested before June 23, 1966. The language is mandatory and leaves no room for a court to carve out an exception for a case where the settlor's death preceded the enactment of the statute.

2. In this case, no contrary intention appears by the terms of the instrument, and the estate devised to the adopted child did not vest before June 23, 1966. Thus, the rule of construction provided by § 128 governs.

Reversed.

WILLS — TRUSTS — DEVISEES — LEGATEES — BENEFICIARIES — ADOPTED PERSONS.

The term "issue" in a will or trust agreement must be construed under § 128 of the Revised Probate Code to include any adopted person unless a contrary intent appears by the terms of the instrument or the estate devised vested before June 23, 1966; such construction is mandatory, and no exception may be made on the ground that a settlor's death preceded the enactment of the statute (MCL 700.128; MSA 27.5128).

*Dahlberg, Mallender & Gawne* (by *J. Donald McLeod* and *Howard A. Serlin*) for the plaintiff.

*Beier, Howlett, Hayward, McConnell, McCann, Jones, Kingsepp & Shea* (by *James L. Howlett*) for the defendants.

LEVIN, J. In 1936, John and Grace Leggett executed wills with pour-over trust provisions, leaving trust income to their daughter, Wilhelmina Leggett Ferrando, for life, with the remainder to her "issue."[1] In 1939, John died, and in 1944, Grace

---

[1] The last wills and testaments of John and Grace Leggett provide:

"(e) The trustee shall pay over the net income of the trust estate quarterly or oftener, in its discretion, as follows:

"(1) To my daughters, *Wilhelmina L.* and Annabell L. in equal shares.

"(2) Upon the death of one of my daughters one-half to the surviving daughter and one-half to the *issue* of the deceased daughter, per stirpes, failing such issue to the surviving daughters.

died. Wilhelmina received the trust income until her death in 1981. The question is whether Vasanti Ferrando Fithian, who was adopted by Wilhelmina in 1940, may, pursuant to § 128 of the Revised Probate Code, take as "issue" of Wilhelmina. We hold that Vasanti takes as issue.

The probate court found that § 128, read together with § 60 of the Revised Probate Code,[2] leaves "no doubt that an adopted child is to be treated in all respects the same as a natural child," and held that Vasanti takes as "issue." The Court of Appeals, relying in part on *In re Graham Estate,* 379 Mich 224; 150 NW2d 816 (1967), reversed, saying that, because the Leggetts had died before the enactment of § 128, they should be presumed to have intended the meaning given the term "issue" at the times of their deaths. We agree with the probate court, and reverse the decision of the Court of Appeals.

Before the enactment of §§ 60 and 128, rules of construction were developed to determine the set-

"(3) Upon the death of the said surviving daughter, to my then living issue per stirpes." (Emphasis added.)

[2] "Sec. 60. (1) After the entry of the order of adoption, the adoptee shall, in case of a change of name, be known and called by the new name. The person or persons adopting the adoptee shall thereafter stand in the place of a parent or parents to the adoptee in law in all respects as though the adopted person had been born to the adopting parents and shall thereafter be liable for all the duties and entitled to all the rights of parents.

"(2) After entry of the order of adoption there shall not be any distinction between the rights and duties of natural progeny and adopted persons, and the adopted person shall become an heir at law of the adopting parent or parents, and an heir at law of the lineal and collateral kindred of the adopting parent or parents. After entry of the order of adoption, an adopted child shall no longer be an heir at law of a parent whose rights have been terminated under this chapter or chapter XIIA or the lineal or collateral kindred of that parent, nor shall an adopted adult be an heir at law of a person who was his or her parent at the time the order of adoption was entered or the lineal or collateral kindred of that person, except that a right, title, or interest vesting before entry of the final order of adoption shall not be divested by that order." (Emphasis added.) 1957 PA 255, now MCL 710.60; MSA 27.3178(555.60).

tlor's "intent"[3] when intent was not clear. The term "issue" is unclear.[4] A rule of construction developed that the term "issue" did not include adopted children. *Graham, supra,* p 227. Another rule of construction provided that the meaning of a term in a will is to be "determined according to the law in effect at the time of the testator's death." *Graham, supra,* p 226.[5] Both rules of construction were "in effect" at the time of the Leggetts' deaths.[6]

---

[3] "Intent" is a legal term of art. While "actual" intent is considered, perhaps more important, as a practical matter, are the "presumptions of intent" and the rules of construction. See *In re Graham Estate, supra,* pp 226-227.

[4] Appellees argue that the term "issue" was clear at the time of the Leggetts' deaths and is, thus, not in need of construction. The term itself, however, is unclear and becomes clear only when coupled with the rule of construction that provided the term "issue" excluded an adopted person. While, at some point, a previously unclear term may acquire the "clear" meaning of its associated rule of construction, in light of the legislative determination that the term "issue" needs "construction," that cannot be said here.

[5] Several courts have, however, held that, because statutes are subject to change, the testator

"must be presumed, in the absence of any contrary context in the will, to have intended that the statutes in effect at the time the gift became operative to be those to be resorted to in determining the membership of the class. *Lincoln v Aldrich,* 149 Mass 368; 21 NE 671 [1889]; *Re Battell's Will,* 286 NY 97; 35 NE2d 913; 139 ALR 1100 [1941], *reh den* 286 NY 722; 37 NE2d 454; 139 ALR 1107 [1941]; *Gilliam v Guaranty Trust Co,* 186 NY 127; 78 NE 697 [1906] (*dictum*); *DeWolf v Middleton,* 18 RI 810; 26 A 44 [1893]; 31 A 271 [1895]." 80 Am Jur 2d, Wills, § 1422, p 497, n 42.

In certain circumstances, courts determine the meaning of a term according to the law in effect at the time the will was signed. See 80 Am Jur 2d, Wills, § 1123, p 233, n 34 and cases cited therein. See also *In re Hund Estate,* 395 Mich 188; 235 NW2d 331 (1975) (COLEMAN, J., *dissenting*).

The Uniform Probate Code, § 2-602 and MCL 700.133; MSA 27.5133 both provide that a testator may select the law which is to apply in the interpretation of his will.

[6] When the rule of construction providing that a term must be defined according to the law in effect at the time of the settlor's death applies, it "attaches" to a will or trust the law, including other rules of construction, in force at the time of the settlor's death. Because

In 1966, the Legislature restricted the application of these common-law rules of construction by enacting § 128:

> In the construction of a trust agreement or will, whether *executed on, before, or after June 23, 1966,* the term "child", "grandchild", "issue", "heir", "descendant", "beneficiary" or other equivalent term *shall* be construed to include any adopted person and his descendants whether natural or adopted *unless* a contrary intention appears by the terms of the instrument or *unless* the estate devised to the "child", "grandchild", "issue", "heir", "descendant", "beneficiary" or other equivalent person vested before June 23, 1966, in an already ascertained person or persons who have an immediate indefeasible right of enjoyment or a present indefeasible fixed right of future enjoyment in the estate. [Emphasis added. 1966 PA 128, now MCL 700.128; MSA 27.5128.]

In the instant case, because no "contrary intention appears *by the terms* of the instrument" (emphasis added), and because, in contrast with *Graham, supra,*[7] the estate devised to the issue of Wilhelmina did not "vest" before June 23, 1966, in an already ascertained person who had an "indefeasible" right of enjoyment, the statutory rule of construction set forth in § 128 governs.

While § 128 supplanted the common-law rule of construction that accorded different treatment to

---

this rule is a rule of construction, and not a substantive rule of law, it applies, however, only when a will or trust is construed, and does not, itself, "attach" to a will or trust upon the instrument's execution or even necessarily upon the settlor's death. Here, the term "issue" required construction only when the gift became operative in 1981 upon Wilhelmina's death. Although this rule of construction may, in an abstract sense, have been "in effect" when the Leggetts died, it did not apply to the gift in question until 1981—fifteen years after the enactment of § 128.

[7] In *Graham, supra,* the devise vested before June 23, 1966, thus taking it out of the scope of § 128.

adopted persons (*In re Maloney Trust*, 423 Mich 632; 377 NW2d 791 [1985]), it does not expressly repudiate the common-law rule of construction that the settlor's intent is to be determined by looking at the law in effect at the date of the settlor's death. Appellees contend that this common-law rule should be harmonized with § 128 by excluding from the scope of § 128 cases in which the settlor's death preceded the enactment of § 128.

Section 128 provides that the term " 'issue' . . . *shall* be construed to include *any* adopted person." (Emphasis supplied.) This language is mandatory and leaves no room for a court to carve out an exception for a case where the settlor's death preceded the enactment of § 128.

Although § 128 was first enacted a year before *Graham* was decided, there is no reference to this enactment in *Graham*.[8] *Graham* considered § 60, stating that an adopted child shall "become an heir at law of the adopting parent or parents." Section 60 did not state, as does subsequently enacted § 128, a rule of construction of a trust agreement or will that an adopted child is "issue" unless certain explicitly stated exceptions are applicable; wills of settlors dying before the enactment of § 128 are not so excepted. The statement in *Graham, supra,* p 228, that "[i]t was not competent for the legislature to change his will in that respect by statutory enactment adopted after his death" spoke in "respect" to § 60, and not § 128 which was not considered in *Graham*.

Reversed.

WILLIAMS, C.J., and RYAN, BRICKLEY, CAVANAGH, BOYLE, and RILEY, JJ., concurred with LEVIN, J.

[8] See n 7.